STATE OF MISSOURI, AT THE RELATION AND TO THE USE OF RAYMOND SCARBOROUGH, APPELLANT, v. ED EARLEY AND MASSACHUSETTS BONDING & INSURANCE COMPANY, A CORPORATION, DEFENDANTS, MASSACHUSETTS BONDING & INSURANCE COMPANY, A CORPORATION, RESPONDENT.—219 S. W. (2) 879.

St. Louis Court of Appeals. Opinion filed April 19, 1949.

Motion for rehearing or to transfer to Supreme Court denied May 20, 1949.

*James J. Milligan* for appellant.

870

*John S. Marsalek* and *Moser, Marsalek, Carpenter, Cleary & Carter* for respondent.

ANDERSON, J.—This is a suit on the official bond of Ed Earley, Constable for LeMay Township, St. Louis County, in which plaintiff sought to recover damages for personal injuries alleged to have been sustained by him as the result of an alleged assault made upon him

by defendant Earley. The action was brought against Ed Earley, principal in the bond, and Massachusetts Bonding & Insurance Company as surety. There was a verdict and judgment below in favor of plaintiff and against both defendants. The jury, by said verdict, assessed damages against defendant Earley in the sum of one dollar, and awarded damages against the surety in the sum of $2500. Thereafter, the court sustained a motion filed by said surety to correct said verdict and judgment, and entered an order amending and correcting said verdict and judgment by reducing the damages assessed against said surety from $2500 to $1.00. From this order plaintiff has appealed.

It was alleged in the petition that on June 17, 1946, defendant Ed Earley entered plaintiff's premises and, without provocation or excuse, and under color of his office, seized and assaulted plaintiff by striking plaintiff in the head, face and body; that plaintiff, as a result thereof, was rendered unconscious and, while in that condition, was handcuffed and dragged into the street, thrown into an automobile, and transported to the County Jail at Clayton, where he was restrained of his liberty for a period of eight hours, at the end of which time plaintiff was released on bond.

It was further alleged that defendant Earley thereafter procured a charge of peace disturbance against plaintiff, and also a charge of resisting arrest. It was alleged that the former charge was dismissed upon trial in the Justice Court, and the latter charge was nolle prossed in the Circuit Court.

It was further alleged that defendant Earley at the time of said assault and arrest was acting in the scope of his official duties, and that his conduct was wrongful and illegal.

The damages alleged were the loss of earnings at the rate of $200 per month for a period of ten months, and certain injuries to plaintiff's head and body; that plaintiff was unconscious for several hours and unable to open his mouth for a period of twenty-four hours; that he suffered a certain injury which causes his jaw to jog to the left and back to midline when he opens and closes his mouth, which creates a cracking sound very embarrassing to him; and that he suffers intermittently with pain in the right temple region. It was alleged that his injuries were permanent and that he had been compelled to expend large sums of money for medical treatment.

It was further alleged that the conduct of Earley constituted a breach of his official duties and that the action was brought against Earley and his surety to the extent of the penalty of the bond.

The petition concludes with a prayer for judgment against defendant Earley for $25,000, and judgment against the surety for $5,000, the penalty of the bond.

Defendant Massachusetts Bonding & Insurance Company, by separate answer, admitted its corporate status, as alleged in plaintiff's

petition, and then denied each and every other allegation of said petition.

Defendant Earley, by separate answer, denied each and every allegation contained in said petition.

The answer further alleged that after he, Earley, told plaintiff about complaints that had been made, plaintiff became angry, belligerent and hostile, applied vile epithets to Earley, started fighting, cursed, threatened and challenged Earley, and tore Earley's wrist watch from his arm; that to prevent injury to himself Earley held plaintiff's hands until his deputy was successful in handcuffing plaintiff; and that Earley thereupon arrested plaintiff and conveyed him to the Sheriff's office in Clayton, where plaintiff was "booked" on the charges of disturbing the peace and resisting arrest.

The answer alleged further that whatever injuries, if any, plaintiff sustained were due to plaintiff's own act or acts in fighting and resisting arrest; that he, Earley, made said arrest in the lawful exercise of his authority as Constable of St. Louis County and, in arresting plaintiff, he exercised only such force and means as were reasonably necessary to place plaintiff under arrest.

Further answering, said defendant denied he struck the plaintiff; denied that plaintiff was seized and assaulted by him under color of his office; denied that he assaulted plaintiff by striking him in the head and body; and denied that after plaintiff was handcuffed he, Earley, dragged him across the floor into the street and threw him into an automobile.

Further answering, said defendant alleged that said assault was committed by plaintiff on defendant out of hatred and ill will which was due to the fact that between February, 1943, and the date mentioned in plaintiff's petition, plaintiff operated his tavern and dance hall contrary to the good morals, public peace and good will of the people of St. Louis County; and that defendant had, in the performance of his duty, called upon plaintiff at his place of business and ordered plaintiff to cease violating the law; that as a result of the foregoing plaintiff had developed an intense feeling and hatred for this defendant which caused him to fly into a fit of rage on said 17th day of June, 1946, and assault defendant, thereby causing plaintiff to sustain the injuries and damage complained of in his petition.

It was further alleged that prior to the time defendant placed plaintiff under arrest, plaintiff did then and there disturb the peace by cursing and swearing, by offensive and indecent talk, by indecent threats, and by threatening, quarreling and fighting; that thereupon defendant, with his deputy, attempted to put plaintiff under arrest and thereby quell and suppress the assaults, batteries and affrays; and that, in arresting plaintiff, defendant used such force and means only as was reasonably necessary to put plaintiff under arrest, and such force as was reasonably necessary in the defense of his own person.

On the issues thus made the parties proceeded to trial. The transcript does not contain the evidence adduced, but recites that both parties introduced evidence in support of the issues. ·

The jury returned the following verdict:

"We, the jury, find the issues in favor of the plaintiff and against the defendants for the penalty of the bond in the sum of $5,000.00, and we assess plaintiff's damages against the defendant Ed Earley at the sum of One Dollar and no/100 Dollars, and we assess plaintiff's damages against the defendant Massachusetts Bonding and Insurance Company of Massachusetts, a corporation, at the sum of Twenty-five Hundred Dollars."

The Court thereafter entered judgment in favor of plaintiff, in accordance with said verdict.

The plaintiff, filed a motion for new trial as to both defendants, alleging as the sole ground therefor that the damages awarded by the jury were grossly inadequate.

The Massachusetts Bonding & Insurance Company filed a motion for new trial. This motion, in addition to the grounds usually found in such motion, alleged that the verdict assessing damages of $1.00 against defendant Ed Earley, and $2500 against the moving defendant, was inconsistent, self-repugnant, null and void; that there was no evidence in the case to support such a verdict; that upon the face of the record said verdict was erroneous and void as to the moving defendant, and that under the pleading, the evidence, and the law, no verdict or judgment should be entered against the moving defendant, as surety upon the bond pleaded, in excess of the sum awarded against the co-defendant, principal in the bond.

Defendant Massachusetts Bonding & Insurance Company also filed a motion to correct said verdict and judgment. Said motion is as follows:

"Comes now the defendant, Massachusetts Bonding and Insurance Company of Massachusetts, a corporation, and moves the Court to set aside the verdict assessing damages against this defendant in the sum of twenty-five hundred dollars ($2500.00) and for grounds of this motion states:

"That under the law, the pleadings and the evidence, the verdict of the jury, assessing damages of one dollar ($1.00) in favor of plaintiff and against defendant, Ed Earley, principal in the bond, sued upon herein, applies in favor of this defendant, surety on said bond, and is binding and conclusive upon the plaintiff with respect to the amount of his damages, and that the Court has no jurisdiction or authority, under the law, to render judgment herein against this defendant, as surety, in any sum greater than the sum of one dollar ($1.00)."

The Court overruled the motions for new trial filed by plaintiff and by defendant Massachusetts Bonding & Insurance Company.

At the same time, the Court sustained the motion to correct the verdict and judgment, filed by defendant Massachusetts Bonding & Insurance Company and, by its order, struck from the verdict the assessment of $2500 as damages against defendant Massachusetts Bonding & Insurance Company and inserted in lieu thereof the sum of $1.00, and entered a new judgment in favor of plaintiff in the amount of one dollar against each defendant. From this order plaintiff has appealed.

Appellant contends that the trial court was without authority to correct the irregularity in the verdict by the means employed, and for that reason the order appealed from should be reversed and the cause remanded with directions to the trial court to reinstate the original verdict and judgment.

Appellant relies upon that line of cases which hold that where a trial court deems a verdict excessive it is error for the court to reduce it and enter judgment for the reduced amount without giving plaintiff an opportunity to accept that amount or submit to a new trial. The cases cited so hold, but are not applicable to the situation involved herein. The question presented to the trial court in the case at bar was not a question of excessiveness in the sense that the term is employed in the cases relied upon, but was one of defectiveness and informality.

It is a fundamental rule that the liability of a surety is measured by the liability of the principal. Stix, Baer & Fuller Dry Goods Co. v. Ottawa Realty Co., et al., 273 Mo. 376, 202 S. W. 577; State ex rel. Patterson v. Collins, Mo. App., 172 S. W. 2d 284; United States v. Alsbury, 71 U. S. 186, 18 L. Ed. 321; Eckstein v. Massachusetts Bonding & Ins. Co., 281 N. Y. 435, 24 N. E. 2d 114; Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236; Girard Fire & Marine Ins. Co. v. Koenigsberg et al. (Tex.), 65 S. W. 2d 783; City National Bank v. Eastland County (Tex.) 12 S. W. 2d 662; Rafferty v. Klein, 256 Pa. 481, 100 Atl. 945.

Also, where the liability of one defendant is a primary liability to answer in damages for his own acts, and that of the other is purely a derivative liability, such as that of a surety or a master liable under the doctrine of respondeat superior, the amount recovered as against the one primarily liable is the limit of the amount recoverable against the person whose responsibility is solely derivative. Daniel et al. v. Jones, 140 Cal. App. 145, 35 P. 2d 198; Bradford v. Brock, 140 Cal. App. 47, 34 P. 2d 1048; Presley v. Central Terminal Co., Mo. App., 142 S. W. 2d 799; McGinnis v. Chicago, R. I. & P. R. Co., 200 Mo. 347, 98 S. W. 590; Sparks v. Berntsen, Cal. App., 112 P. 2d 742.

In the case at bar the defendant surety company's liability was purely derivative. It could not under the law be held liable in any amount in excess of that imposed upon the principal. When the

jury found for the plaintiff and against the Constable, they found that the latter had been guilty of the misconduct charged in the petition, and that his acts caused damage to plaintiff in the sum of one dollar. Having so found, any verdict assessing any greater sum by way of damage against the surety was unwarranted.

Appellant, however, contends that the jury, when it found a verdict against the Constable for one dollar and $2500 against the surety, intended to find a total damage of $2501.

The plaintiff's principal instruction predicated liability solely upon the acts of Earley and authorized a verdict against both defendants. The instruction, on the measure of damages, instructed the jury that they should award such sum as damages "as a whole" which would fairly and reasonably compensate plaintiff for the injuries received "as a direct and proximate result of the assault, if any."

It must be assumed that the jury understood the instructions as given; that they understood it was for the acts of Earley they were awarding damages, and that they should return a verdict against Earley for the whole of plaintiff's damage, so caused.

Plaintiff's contention now made was not urged in the trial court. The sole assignment in plaintiff's motion for new trial was that the damages awarded were grossly inadequate, and not that the verdict was defective in that the full amount of plaintiff's damage was not found against the defendant Earley. His motion for new trial was overruled. He took no appeal, and the judgment against Earley is now final.

Even now, plaintiff does not seek to have the judgment against Earley set aside and a new trial granted, or that the judgment against Earley be increased. He merely seeks a restoration of the verdict and judgment against the Massachusetts Bonding & Insurance Company, which is in excess of the amount of plaintiff's damage which the jury found attributable to the acts of Earley. This is, in effect, a request that this court order the trial court to enter an erroneous final judgment—one which would be erroneous on the face of the record.

The motion to correct the verdict and judgment was the proper procedure under the present practice. Prior to the adoption of the present Code of Civil Procedure it was the practice, in cases where an employer was held liable under the doctrine of respondeat superior, for the Court, on motion in arrest of judgment, to correct a verdict and judgment against such employer to make it conform with the verdict in favor of the employee. Presley v. Central Terminal Co., Mo. App., 142 S. W. 2d 799.

The same principle would apply in the case at bar, since the surety's liability here is derivative liability, similar to that of the employer held liable under the doctrine of respondeat superior.

The present Code has abolished motions in arrest of judgment, but provides: "* * * the objections which were heretofore made on such motions may be raised in a motion for a new trial or upon motion filed at the same time as is required for motion for a new trial, praying for appropriate relief in the premises." Sec. 120, Civil Code of Missouri. (Laws 1943, p. 389). The effect of the Code provision was to abolish motions in arrest of judgment and substitute therefor a nameless motion by which relief theretofore granted by motion in arrest could be secured. Such was the nature of the motion to correct filed by respondent in the present case. The trial court properly sustained this motion.

The order appealed from is affirmed. *Hughes* and *McCullen, JJ.,* concur.