**In the Matter of George T. LaBONNE, Jr. aka: Ted LaBonne, Debtor.**

**Bankruptcy No. 2–80–00505.**

United States Bankruptcy Court, D. Connecticut.

March 16, 1988.

F. Timothy McNamara, Hartford, Conn., for Gilbert L. Rosenbaum, trustee in bankruptcy.

Martin A. Clayman, Clayman, Markowitz and Litman, Bloomfield, Conn., for Alfred Mandell, claimant.

MEMORANDUM OF DECISION RE: TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S OBJECTION TO CLAIM

ROBERT L. KRECHEVSKY, Chief Judge.

I.

The question presented in this contested matter is whether a claimant may recover

**310**

additional sums from the guarantor of a contract after a state-court consent judgment which the claimant obtained against the principal obligor has been satisfied. The following factual background is based upon papers filed by the parties supporting or responding to the trustee's summary judgment motion, and upon the case file.

## II.

On May 27, 1975, the debtor, George T. LaBonne, Jr., was the president of G.T. L.A., Inc. (G.T.L.A.), the operator of an insurance agency located in Manchester, Connecticut. On that date, the claimant, Alfred Mandell (Mandell), entered into an employment agreement with G.T.L.A. to sell insurance for the agency and to perform certain administrative duties. The contract provided that upon termination of his employment, Mandell would be entitled to receive commissions for four years thereafter for all renewals and new business placed with G.T.L.A. prior to his termination. The signature page of the contract contained the following guaranty by the debtor: "I personally guarantee the above obligation."

Mandell terminated his employment with G.T.L.A. on June 26, 1978. On September 28, 1978, Mandell filed a complaint in the Superior Court of Connecticut against G.T. L.A., the debtor, and others, alleging in Count I G.T.L.A.'s failure to pay Mandell the commission required by the contract, and, in Count III, the debtor's liability based upon his guaranty of G.T.L.A.'s obligations.

On May 29, 1975, the debtor had entered into an employment agreement with Jones–Mulvihill Company (JMC), a wholly-owned subsidiary of Insurance Management Corporation (IMC). IMC guaranteed the performance of the obligations of JMC. On December 5, 1979, the debtor brought an action against IMC in the United States District Court for the District of Connecticut based upon an alleged breach by JMC of the employment contract. On May 20, 1980, the date the debtor filed his chapter 7 case, the litigation commenced by Mandell in the state court and the litigation brought by the debtor in the district court were both pending. Gilbert L. Rosenbaum,

trustee of the debtor's estate, continued the post-petition prosecution of the district court suit.

Mandell filed a proof of claim for $130,-000.00 in the debtor's bankruptcy case on July 16, 1980, based upon the debtor's guaranty of the G.T.L.A. contract. Mandell, On August 19, 1982, moved to intervene in the district court action as a defendant on the basis that monies which the debtor's estate was claiming from IMC may more properly be due G.T.L.A., against whom Mandell held an unsatisfied claim. The district court granted Mandell's motion to intervene.

On July 19, 1984, Mandell filed a motion in the bankruptcy court requesting a modification of the automatic stay imposed by 11 U.S.C. § 362, in order to allow him to continue his state court action against the debtor. The district court, acting upon the bankruptcy court's recommendation, denied that motion, and Mandell thereafter dropped the debtor as a party defendant in his suit against G.T.L.A. The state court, on March 22, 1985, entered the following judgment in Mandell's action against G.T. L.A.: "Stipulated Jud't entered for π for $45,000.00, No costs assigned."

The trustee, Mandell and IMC, in June 1985, arrived at a settlement of the district court action. IMC agreed to pay approximately $157,000.00 to the trustee, and from said sum, the trustee agreed to pay $45,-000.00 to Mandell in satisfaction of Mandell's judgment against G.T.L.A. The bankruptcy court, after hearing upon notice, approved this settlement on June 25, 1985. On July 18, 1985, Mandell filed a motion in the bankruptcy court entitled "Motion to Reconsider and Modify Application to Settle Litigation." In the motion Mandell stated he disputed "that $45,000.00 represents a full settlement of litigation since said sum does not include the required statutory rate of interest on judgment from the date of judgment". Mandell requested the bankruptcy court to modify its order "to include the statutory rate of interest of 8% per annum from the date of judgment." The court denied this motion, and, on August 5, 1985, the trustee certified that he had issued a check for $45,-000.00 payable to Mandell's attorney.

The trustee, on October 19, 1987, objected to Mandell's proof of claim on the ground, *inter alia*, that the claim "is barred by the doctrine of res judicata" and "[a]ccord and satisfaction." Subsequently, the trustee moved for summary judgment in his favor under Fed.R.Civ.P. 56.[1] *See also* Bankr.R. 7056, 9014.

### III.

The trustee contends that the debtor's liability to Mandell is a derivative liability based upon the debtor's status as a guarantor of the G.T.L.A. contract obligations. The extent of the liability of G.T.L.A. having been established by a state-court judgment, the trustee asserts the estate can have no liability to Mandell in any greater amount. Mandell claims that he is entitled to establish additional sums due under the G.T.L.A. contract for which the estate is liable, and he opposes the granting of the trustee's motion for summary judgment. He asserts the amount of money due under the contract is a factual issue to be tried.

### IV.

Mandell phrases his claim of law on the trustee's motion as follows: "A judgment which discharges one obligor is not an automatic discharge of a second obligor where the second obligor has undertaken, as a primary obligation, to guarantee absolutely and unconditionally the prompt payment of all sums". *Mandell Memorandum* 5. For this position, Mandell cites as authority only *American Oil Co. v. Valenti*, 179 Conn. 349, 352, 426 A.2d 305, 307 (1979). An examination of *Valenti* discloses that the holding and the facts of that case are inapposite. In *Valenti*, the holder of a note was nonsuited in an action against the principal debtor, for failure to produce documents ordered pursuant to a motion for disclosure. The Connecticut Supreme Court held that such nonsuit did not provide a defense to a surety on the note who "agreed to pay regardless of whether and when demand for payment is made upon another." *Id.* at 352, 426 A.2d at 307.

On the other hand, there is ample support for the trustee's position. The United States Supreme Court has stated: "It is unnecessary to refer to authorities to show that the liability of the surety cannot exceed that of his principal...."[2] *United States v. Allsbury*, 71 U.S. (4 Wall.) 186, 186, 18 L.Ed. 321 (1866). In *Allsbury*, a judgment was rendered for the United States against a principal and one of his sureties for $10,318.22, despite the claim of the United States that it was entitled to $20,085.00. In a subsequent suit against another surety, the former judgment was pleaded and admitted for the purpose of reducing the recovery to that amount. The Supreme Court ruled that the "amount having been fixed by a judgment at law, it formed the rule to determine the sum to be recovered in this suit [against the other surety]." *Id.* 71 U.S. at 186–87. This doctrine has been generally followed. *See, e.g., State Athletic Comm'n v. Massachusetts Bonding & Ins. Co.*, 46 Cal.App.2d 823, 117 P.2d 75, 78 (1941) (where judgment has been entered against the principal a greater amount may not be recovered from the surety in a subsequent action brought against him); *Maine Cent. R. Co. v. Nat'l Surety Co.*, 113 Me. 465, 94 A. 929, 934 (1915) (surety not liable for more than the amount of consent judgment entered against principal-decedent's probate estate); *State ex rel. Scarborough v. Earley*, 240 Mo.App. 868, 219 S.W.2d 879, 882 (1949) (judgment entered against principal for $1.00 and against surety for $2,500.00, corrected by trial court to $1.00 against principal and $1.00 against surety. *Held:* affirmed; a surety's liability cannot exceed the principal's liability); *Central Trust Co. v. Manly*, 100 F.2d 992, 994 (5th Cir.1939) (*Held:* Deficiency decree in foreclosure action against principal finally determined debt owed by principal; a greater amount may not be recovered from the surety in a

---

1. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

2. Under the circumstances of this matter, any distinctions between guaranty and suretyship are irrelevant.

subsequent action); *Prichard v. Nelson,* 137 F.2d 312, 314 (4th Cir.1943) (*res judicata* bars plaintiff from recovering from surety more than the amount of a state-court deficiency decree obtained against principal). *Cf. also Restatement (Second) of Judgments,* ¶ 49, comment b, illustration 3 (1982) (where there are co-obligors in contract, and claimant secures judgment against one obligor, on suit against other obligor, claimant bound by issues determined in first action); *Restatement (Second) of Contracts,* ¶ 292(2) (1981) ("The effect of judgment for one or more promisors of the same performance is determined by the rules of res judicata relating to suretyship or vicarious liability.")

The application of these holdings to the present matter is readily apparent. Mandell stipulated to a judgment in the state court against G.T.L.A. for $45,000.00. That judgment has been paid. Therefore, Mandell may not recover any additional sum from the debtor's estate.

The trustee's motion for summary judgment must be, and hereby is, granted. The trustee's objection to the claim of Alfred Mandell hereby is sustained. It is

SO ORDERED.