**ROLON et al.**

v.

**UNITED STATES.**

Civ. No. 6281.

United States District Court
D. Puerto Rico,
San Juan Division.

March 4, 1953.

Samuel R. Quinones, San Juan, Puerto Rico, for plaintiffs.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

This is not an action involving the negligent operation of a vehicle owned by or under the control of a defendant enterprise, where the mere showing of such ownership or control at the time of the accident would have raised, under the local rule of interpretation, the rebuttable presumption that such instrumentality was being operated, then, by an agent or employee of such enterprise, acting within the scope of his employment.

The situation here is no way parallel thereto.

Plaintiffs are alleging that a portion of a mortar bullet (shell) which was resting, apparently abandoned, on a public road was picked up by one of the plaintiffs and unexpectedly exploded, causing injuries to both plaintiffs.

Plaintiffs admit their inability to prove the particular person or persons who placed, left or lost said piece of shell in the road where it was found by them, nor whether said particular person or persons were in some particular employ with the defendant government, much less whether they were then acting within the scope of their employment.

Sensing the unavoidable consequence of their inability to establish these basic elements of tort liability in a case like this, plaintiffs are asking the court to indulge in a series of inferences, by claiming that shells of this type are almost exclusively manufactured for, owned and used by defendant's armed forces and that the place this piece of shell was found is very near an army training area, and that, thus, it must be assumed or inferred that it was placed, dropped, left or lost there by some agent of said defendant within the scope of his employment.

No tort is actionable on the basis of any such assumptions or inferences and, unless plaintiffs are able to establish a prima facie case against defendant by means of competent and sufficient evidence (something which they admit their inability to do), defendant has no duty whatsoever to meet whatever inferences plaintiffs may seek to draw from the fact that shells of this type may be manufactured for, owned or used by defendant's armed forces and that the road where this piece of shell was found is close to an army training area.

Even assuming that said piece of shell might have belonged to defendant or might have been kept at some time under its control and for its use at said army training area, plaintiffs' admitted inability to show that it was taken out of said area and placed, dropped, left or lost on the road, by some particular agent or employee of defendant within the scope of his employment, forecloses all possibility that a genuine issue as to this material fact may ever come into existence in this case. Fries v. U. S., 6 Cir., 170 F.2d 726; U. S. v. Campbell, 5 Cir., 172 F.2d 500, 503; Hubsch v. U. S., 5 Cir., 174 F.2d 7, 9, 10.

To conclude otherwise the Court would first have to recognize the existence in law of the following presumptions:

1. That shells of the type which caused the accident in this case are manufactured by or for defendant and used by its armed forces, exclusively, and cannot be owned or used by anybody else.

2. That, because of the above, it must be found that the shell in question was owned by or under the control of defendant and not owned by or under the control of any other person whatsoever and that it was being used by defendant's armed forces and by no other person at the time.

3. That by reason thereof and because defendant, in addition, had previously had a training area near the road where said shell was found, it must follow that said shell proceeded from defendant and was being previously kept at said training area, and at no other place whatsoever.

4. That because of the above, it must be presumed that said shell must have been left at the place of the accident by an agent or employee of defendant and by no other person whatsoever.

5. And that because of the above, it must finally follow that whoever left said shell at said place was acting within the scope of his employment with defendant.

Thus, the Court would be called upon to recognize a chain of presumptions as basis for arriving at the only actionable prima facie element of tort liability against defendant, i. e. that an act or omission of an agent or employee of defendant, acting within the scope of his employment, was the proximate cause of the accident.

This the Court has no power or authority in law to do.

A presumption cannot rest on another presumption, much less in mere inference, or rather in a chain or series of inferences.

Plaintiffs' admitted inability to establish, prima facie, the material facts which they are asking the Court to presume and which in law cannot be the subject of presumption, leaves this case with no genuine issue as to said material facts and defendant's motion for a summary judgment must be granted.

A summary judgment for defendant will be accordingly entered.