[Civ. No. 20788.   Second Dist., Div. One.   Oct. 11, 1955.]

VERL L. DICKSON, Respondent, v. SOUTHERN CALIFORNIA EDISON COMPANY, LTD. (a Corporation), Appellant.

86

Belcher, Kearney & Fargo and William F. Clements for Appellant.

Macbeth & Ford, Patrick H. Ford and Moira D. Ford for Respondent.

DRAPEAU, J.—Plaintiff in this case was a journeyman lineman. He suffered injuries when a pole-carrying truck he was unloading suddenly moved backwards downhill. He secured a jury's verdict for $17,000, against the owner of the truck, Southern California Edison Company.

Plaintiff was employed by Stone and Webster Engineering Company. It was his duty to drive and to unload the truck. Some 20 months before the accident the truck had been rented by Stone and Webster from Edison Company.

Edison made repairs to the truck before it was delivered to Stone and Webster, and checked the brakes and gears. The agreement of hiring provided that Edison was to make major repairs to the truck if necessary. But from the time Stone and Webster took it over, their mechanics took care of the truck.

On the day of the accident plaintiff parked the truck on a steep hill. It was held in place by wooden blocks placed under its wheels, and by electric brakes on a dolly attached to the truck. The truck motor was kept running to operate the brakes on the dolly.

After plaintiff had been unloading poles for about an hour the truck suddenly went backwards down the hill, causing

a pole on the truck to shift, pinning plaintiff behind the truck cab. He suffered a compound fracture of the left leg, bruises, abrasions, and shock. He was unable to work full time for 11 months, and he suffered a permanent impairment of his leg.

Edison Company appeals from the judgment, upon the ground principally that the truck was in the sole possession and under the exclusive control of Stone and Webster at the time of the accident, and that there was no duty owing to plaintiff by Edison Company.

Edison urges other grounds of appeal: that plaintiff assumed the risk, that he was guilty of contributory negligence, and that the evidence was insufficient to sustain the verdict; also that there was error in giving and refusing certain instructions.

Having come to the conclusion that the first ground of appeal compels a reversal of the judgment, the other grounds have not been considered.

█ There is no doubt but that there was a contract of bailment as between Edison and Stone and Webster. (*Baugh v. Rogers*, 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043].) Therefore this inquiry must follow the rights and duties respectively of the bailor, the bailee, and the bailee's employee. As such employee he was, of course, entitled to workman's compensation.

█ In *McDonald* v. *Shell Oil Co., Inc.*, 44 Cal.2d 785 [285 P.2d 902], it is said that one who furnishes defective facilities may be liable to an employee working for a third party.

In *McNeal* v. *Greenberg*, 40 Cal.2d 740 [255 P.2d 810], a judgment entered upon a directed verdict for defendant was reversed. There the brakes on a rented tractor failed, with consequent injury to a bailee who was operating it.

In *Benton* v. *Sloss*, 38 Cal.2d 399 [240 P.2d 575], it was said that there was sufficient basis for an inference that the brakes were defective at the time of the delivery of an automobile to a bailee. In that case, in which a reasonable inspection of the automobile would have disclosed the defect, the brakes failed to operate. A dealer had permitted a prospective purchaser, a minor, to drive the vehicle.

█ These principles have, however, very obvious limitations implicit in the case at bar. Here 20 months elapsed from the delivery of the truck by Edison to Stone and Webster. It was never operated or inspected by Edison after its delivery; it was maintained and repaired by Stone and

Webster; and Edison had no notice of any defect in the brakes, or of any defects at all. This court is of the opinion that these circumstances do not permit an inference of negligence of the bailor. ■ When but a single inference may be drawn from the facts in a case, that inference becomes a question of law. (*Baugh* v. *Rogers, supra,* 24 Cal.2d 200, 206.)

No California case involving similar circumstances has come to our attention. The case from another jurisdiction coming closest in point is *Jones* v. *Hartman Beverage Co.*, 29 Tenn. App. 265 [203 S.W.2d 166]. That case involved an accident in the use of an automatic machine dispensing a soft drink. The machine had been in operation by the bailee some 27 months, with no notice to the bailor of any defect. In that case the Court of Appeals of Tennessee says, at page 169 [203 S.W.2d]:

"The bailor, so far as appears, delivered to the bailee a machine without the defects which existed at the date of the injury. It had no notice that the machine had become defective or was likely to cause injury. There was no duty to remove the defects and repair the machine except after notice which, according to undisputed evidence, was not given before plaintiff was injured. We can find from the proof no breach of duty by the defendant."

■ The general rule is stated, in 8 Corpus Juris Secundum, at page 320:

"In the absence of special agreement, the lender is under no duty or obligation to inspect or repair the property while it is in the possession of the borrower, and if there is a contract to repair upon notice that repairs are necessary, a duty to repair does not arise until notice is given. The general rules as above set forth in this subsection apply in the case of a bailment of vehicles generally."

The judgment is reversed, and the trial court is directed to grant the motion for judgment notwithstanding the verdict.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 3, 1955, and respondent's petition for a hearing by the Supreme Court was denied December 8, 1955. Carter, J., was of the opinion that the petition should be granted.