**Marvin E. BENSON, Plaintiff,**

v.

**UNITED STATES of America, Merritt-Chapman & Scott Corporation, a corporation, and The Savin Construction Corporation, a corporation, Defendants.**

**Civ. No. 7208.**

United States District Court
N. D. California, N. D.
April 16, 1957.

Stanley Johnson, San Francisco, Cal., for plaintiff.

James S. Eddy, Asst. U. S. Atty., Sacramento, Cal., for the United States.

HALBERT, District Judge.

■ By his complaint plaintiff seeks to recover damages for injuries, which

he alleges he sustained as a result of a fall from a wooden plank walkway while working as a construction employee at the Folsom Reservoir. Plaintiff was an employee of the Continental Drilling Company which was under contract with the United States. Defendants, Merritt-Chapman & Scott and The Savin Construction Corporation, are alleged to have been general contractors with the United States engaged in the business of building the Folsom Dam. The complaint alleges that defendant, United States of America, acting by and through its agents and employees, "owned, operated, maintained, contracted for and supervised the construction of, and controlled the Folsom Reservoir Project", and that the United States "undertook and agreed to furnish" to plaintiff's employer and plaintiff "adequate and safe rights of way and means of access to work areas, including safe and adequate walkways, scaffolds, ladders and similar means of access." Plaintiff further alleges that each defendant, acting through its agents and employees in the course and scope of their employment, "negligently and carelessly maintained, managed, owned, constructed and controlled a certain wooden walkway" in a dangerous and defective condition, knowing said walkway to be in such condition, and failed to warn plaintiff of said condition, with the proximate result that on the morning of May 20, 1954, the walkway gave way, throwing plaintiff into a valve chamber below.

Defendant, United States of America, has filed a motion to dismiss the action as to it, on the grounds that plaintiff's complaint does not state facts sufficient to constitute a cause of action against the United States, and fails to disclose any act of negligence by any specific agent or employee of the United States, acting within the course and scope of his employment, which under the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 1346(b), and 2671 et seq., it contends is essential to a cause of action against the Government for negligence.[1]

It is fundamental that a complaint should not be dismissed for insufficiency of facts "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim". 2 Moore, Federal Practice, § 12.08. The complaint in the instant case clearly discloses a set of facts, which, if proven, would entitle plaintiff to relief against the United States, even though negligence is also alleged against two independent contractors of the United States as joint tort-feasors.

Dean Prosser has set forth three general categories in which the employer of an independent contractor may be held liable for negligence arising out of the contracted work. See Prosser on Torts, § 64, pp. 357, et seq. (2d Ed. 1955). (1) An employer is held liable for his own negligence in failing to exercise ordinary and reasonable care in the selection of a competent contractor, and to the extent that he retains control over the job or agrees to furnish equipment for it, the employer may be held liable for failing to exercise reasonable care in discharging such functions. Prosser on Torts, supra, p. 358. (2) The employer may be vicari-

1. The authorities cited by the Government in support of its motion to dismiss fail to reach the specific question with which the Court is faced in this case, but rather address themselves solely to the general and indisputable requirement that a negligent act or omission by an agent or employee of the United States acting within the course and scope of his authority must be both alleged, and proven, in order for the Government to be liable under the Federal Tort Claims Act. Ray v. United States, 5 Cir., 228 F.2d 574; Porter v. United States, 4 Cir., 228 F.2d 389; In re Texas City Disaster Litigation, 5 Cir., 197 F.2d 771; Sickman v. United States, 7 Cir., 184 F.2d 616; Curtis v. United States, D.C., 117 F.Supp. 912; Rolon v. United States, D.C., 119 F.Supp. 432. At this stage of the proceedings, the Court is concerned only with the allegations of the complaint, and the Court finds that the allegations of the complaint are sufficient to satisfy the requirements set forth in these authorities.

ously liable for the negligence of the independent contractor where the law imposes upon such employer a duty to protect the plaintiff, or the class of which plaintiff is a member, from the particular harm suffered, and such duty may not be delegated to the independent contractor. Prosser on Torts, supra, p. 359. (3) Where an "inherently dangerous activity" is undertaken, the employer may be held liable for his own negligence in failing to take reasonable precautionary measures, even though the independent contractor may also have been negligent. Prosser on Torts, supra, p. 360. These general rules represent the California law on the subject.[2]

■ While the United States may not be held liable under the Federal Tort Claims Act for the negligence of an independent contractor, where it is not shown that any agent or employee of the Government was negligent in any respect, Strangi v. United States, 5 Cir., 211 F.2d 305; Hopson v. United States, D.C., 136 F.Supp. 804; and see United States v. Hull, 1 Cir., 195 F.2d 64, 67 *(dictum)*, it is clear that the Government *is* liable for its own negligence in the same manner that an employer of an independent contractor is held liable for his own negligence under the applicable local law. Title 28 U.S.C.A. § 2674; Pierce v. United States, D.C., 142 F. Supp. 721, affirmed 6 Cir., 235 F.2d 466. If it be true, as alleged, that defendant, United States, "undertook and agreed to furnish" the walkways, and exercised control over such walkways, then under the California law, it would be charge-

able with negligence in providing a walkway, the condition of which was dangerous and defective. McDonald v. Shell Oil Co., 44 Cal.2d 785, 285 P.2d 902; Dickson v. Southern Cal. Edison Co., 136 Cal.App.2d 85, 288 P.2d 310; and cf. Sullivan v. Shell Oil Co., 9 Cir., 234 F.2d 733. Furthermore, if it be true that the United States retained management and control over the particular instrumentality which caused the injury, and exercised such control in a "careless and negligent manner", then, under the California law it would be chargeable with negligent conduct, and, if adequate proof is made, liable to plaintiff for his injuries. Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897.

■ The second aspect of the Government's motion is clearly without merit, as it is plainly alleged in the complaint that the negligence was committed by agents and servants of the United States acting within the course and scope of their employment, see in particular, paragraphs III, VII and VIII of the complaint, and it is not necessary that the pleader allege the identity of the particular agents or employees who were responsible for the claimed negligence. Pierce v. United States, 142 F.Supp. at page 733.

For the hereinabove set forth reasons, the motion to dismiss by the United States of America must be denied.

It is therefore, ordered that the motion to dismiss the action made by the defendant, United States of America, as to it, be, and the same is, hereby denied.

---

2. In connection with the liability of the employer of an independent contractor for his own negligence see: McDonald v. Shell Oil Co., 44 Cal.2d 785, 285 P.2d 902; Dickson v. Southern Cal. Edison Co., 136 Cal.App.2d 85, 288 P.2d 310; Risley v. Lenwell, 129 Cal.App.2d 608, 277 P.2d 897 (quoting Prosser). For vicarious liability where an employer owes a nondelegable duty to the plaintiff see: Colgrove v. Smith, 102 Cal. 220, 36 P. 411,

27 L.R.A. 590; Snyder v. Southern Cal. Edison Co., 44 Cal.2d 793, 285 P.2d 912. And for liability of an employer where inherently dangerous and hazardous activities are undertaken see: Snyder v. Southern Cal. Edison Co., supra; Miles v. A. Arena & Co., 23 Cal.App.2d 680, 73 P. 2d 1260; Capitol Chevrolet Co. v. Lawrence Warehouse Co., 9 Cir., 227 F.2d 169.