Peter NYQUIST and Anna R. Nyquist, his wife, Fabian Nyquist and Betty M. Nyquist, his wife, Jay Nyquist and Myrtle Nyquist, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 2231.

United States District Court
D. Montana,
Havre-Glasgow Division.

Feb. 24, 1964.

Francis E. Gallagher, Glasgow, Mont., for plaintiffs.

Moody H. Brickett, U. S. Atty., Butte, Mont., and Clifford E. Schleusner, Asst. U. S. Atty., Billings, Mont., for defendant.

JAMESON, District Judge.

On January 2, 1959, the United States, through the Department of the Army, entered into a contract with Hood Construction Company, a California Corporation, Cherf Bros., Inc., a Washington corporation, and Sandkay Contractors, Inc., a Washington corporation, whereby the contractors, acting in joint venture were to construct a water supply line from the Missouri River to Glasgow Air Force Base. Part of this pipeline traversed land owned by the plaintiffs.

On July 3, 1961, plaintiffs filed an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) [1] and 2671 et seq., for damages allegedly resulting from negligent conduct of the United States and its employees in the construction of the pipeline.

The complaint, as amended, alleges that the negligence of the United States consisted of "permitting" the contract builder to leave the ditch through the plaintiff's land open for an unreasonable length of time; "failure to require" its contract builder to replace and repair fences, or to do so itself; and "permitting its agents, or employees and its contract builder" to leave gates open. As a result of this conduct, plaintiff alleges loss of use of certain pasture lands, damage to grain crops caused by straying cattle, that additional feed had to be purchased and that extra labor was required to herd the cattle because of the inadequate fences and open gates. Plaintiff alleges total damages of $2,941.00.

It is conceded that the contractor was an independent contractor (plaintiff's post trial memorandum, p. 6, lines 4, 5). It is recognized that the contract required the contractor to take "necessary action * * * to prevent straying of livestock during period fences are removed and protect livestock from injury" (Contract provision SC–32e).

Plaintiff contends that the defendant is liable (1) for negligence "with respect to the manner in which defendant's own employees, such as inspectors, conducted themselves in failing to close gates," and (2) "in failing to require and insist upon the contractor to close gates and keep the fence in a state of repair so that the pastures would contain the livestock".

It is of course clear that the Government would be "liable for *its own negligence* in the same manner that an employer of an independent contractor is held liable for his own negligence under the applicable local law". (Emphasis added) Benson v. United States, N.D.Cal.1957, 150 F.Supp. 610, 612.

There is a conflict in the evidence with respect to whether the defendant's own employees, i. e., inspectors, left any gates open. The evidence that the gates were left open by the inspectors is meager. There is no evidence with respect to what damage, if any, resulted from their acts. It is clear from the testimony of plaintiffs' witness, Fabian Nyquist, that plaintiffs' claim is based primarily upon the alleged negligence of the contractor in cutting down fences for a distance of two to three rods to permit machinery to pass through. When the fences were down, the cattle could get through even though the gates were

---

1. 28 U.S.C. § 1346, insofar as here pertinent, provides:

"(b) * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

closed.[2] The proof is insufficient to support a finding that any damages were proximately caused by the negligence of the Government's own employees.

May the defendant be held for the negligent acts of its independent contractor, or for failure to require the independent contractor to comply with its obligations under the contract?

█ As indicated supra, the Federal Tort Claims Act provides for jurisdiction where a negligent or wrongful act is committed by an "*employee* of the Government". The first question then is whether the contractor and its employees can be considered employees of the United States, so that this action falls within the limits permitted by the Act.

28 U.S.C. § 2671, for purposes of the Tort Claims Act, defines the term "Employee of the government" as including "officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation".

In Dushon v. United States, 9 Cir.1957, 243 F.2d 451, 17 Alaska 245, cert. denied, 355 U.S. 933, 78 S.Ct. 415, 2 L.Ed.2d 416, the Alaska Railroad, concededly an agency of the United States, had entered into a joint contract with three construction contractors for rehabilitation of part of the railroad tracks. In order to transport the employees of the contractor, man-haul cars supplied by the contractor were used. They were propelled by a rail motor car operated by Greene, also an employee of the contractor. Greene was approved and certified by the Alaska Railroad as an operator, having passed a test administered by the railroad. However, Greene was paid by the contractor, and all directions and orders came from the contractor. Greene had to conform to the Railroad safety rules and regulations with respect to times of travel, etc. The plaintiffs, injured through the negligence of Greene, sued the United States under the Tort Claims Act, contending Greene was an "employee" of the Alaska Railroad. "The trial court found that Greene was an employee of an independent contractor and not of the United States, and accordingly denied recovery." 243 F.2d at 451. On appeal, the court rejected an argument that Greene was an employee of the railroad because he was under its control, and went on to say: "Altogether apart from what has been said, there remains the overriding principle that the United States has not consented to be sued under the Tort Claims Act on any ground other than that of a wrongful or negligent act or omission on the part of an employee of the government." 243 F.2d at 454.

2. On cross examination, Nyquist testified:
"Q You started originally I believe stating that they had cut the fence lines where the trenches were to cross your section lines and fences?
"A Yes.
"Q And that those fences stayed cut all summer?
"A For all intents and purposes. Sometimes they would have one loose wire up or perhaps two loose wires up, but that is not a cow fence.
"Q I thought you said they were cut all summer from the first, all fences were cut by May 1, 1959, and stayed cut until October 1st.
"A Which is a figure of speech. They were not to be depended on. The fences were sometimes fixed.

"Q They weren't just thrown about? There was some effort there to keep them?
"A No, I wouldn't say there was.
"Q What I am getting at is you later testified the gates were left open. What difference does it make if a gate is left open if a fence is cut alongside of it?
"A It makes quite a lot of difference. You can insist a man close a gate if he is there, but if he does not have wire stretchers you can't insist he fix a fence.
"Q The purpose, I don't see the purpose of closing the gate.
"A It is a matter of degree. If there are two loose wires up if he closed the gate maybe cattle will stay out.
"Q In other words, the fence wasn't cut between May 1st and October 1st?
"A Not 100 per cent of the time."

Although the language is dictum, this court has previously referred to the Dushon case. The interpretation there given the case is consistent with the present interpretation. Big Head v. United States, D.Mont.1958, 166 F.Supp. 510, 514.

In Strangi v. United States, 5 Cir.1954, 211 F.2d 305, an action under the Tort Claims Act, the United States had contracted for the clearance of a reservoir area. The contractor burned the brush and timber which he cleared but, in doing so, the plaintiff's property was destroyed. The court held the contractor to be an independent contractor and not an employee of the United States. "Mayfield not being an employee of the Government, the United States is not responsible for his negligence." 211 F.2d at 308.

"* * * the United States may not be held liable under the Federal Tort Claims Act for the negligence of an independent contractor, where it is not shown that any agent or employee of the Government was negligent in any respect * * *." Benson v. United States, N.D. Calif.1957, 150 F.Supp. 610, 612. See also Hopson v. United States, W.D.Ark. 1956, 136 F.Supp. 804, 812–813.

■ May the United States be held for failure to require its independent contractors to perform its obligations under the contract? This question was considered in Buchanan v. United States, 8 Cir.1962, 305 F.2d 738, 744. It was held that the United States was not liable under the Federal Tort Claims Act by reason of its overriding authority or control, where much of the "control" exercised by the United States was in "the necessary direction of seeing that (the contractor's) obligations to the government were fulfilled and not in the direction of the government taking over those obligations itself". The contract provisions here are not unusual. Under plaintiff's contention, the Government would always be liable for failure to require performance by the independent contractor. I find no case so holding.

Dushon v. United States, supra, a Ninth Circuit case, is in point and is controlling. Apart, however, from the express provisions of the Federal Tort Claims Act and their construction by the courts, the facts here do not warrant a finding of liability on the part of the United States because of the negligent act of its independent contractor.

■ It is the general rule that the employer of an independent contractor is not liable "vicariously" for the torts of the contractor. Prosser on Torts, 2d Ed. 357, § 64. It is true, as Prosser states, that the courts "have whittled away at the rule of non-liability with exceptions, to the point where it is not easy to say that any 'general rule' remains". Prosser, supra, 358. See also Restatement of the Law, Torts, §§ 409–429 inclusive. Counsel has not cited any case, however, where the courts have gone as far as would be necessary to hold the defendant liable in this case.

The Montana case of Neyman et al. v. Pincus et al., 1928, 82 Mont. 467, 484, 267 P. 805, recognizes the general rule that "where the relation of independent contractor exists, and due diligence has been exercised in selecting a competent contractor, and the thing contracted to be done is not in itself a nuisance, nor will necessarily result in a nuisance if precautionary measures are used, and injury result, not from the fact that the work is done, but from the wrongful and negligent manner in which it is done by the contractor or his servants, the contractee is not liable therefor". The exceptions to this general rule, set forth in Neyman v. Pincus and A. M. Holter Hardware Co. v. Western Mortgage and Warranty Title Co., 1915, 51 Mont. 94, 149 P. 489, L.R.A. 1915F, 835 (upon which plaintiff relies) are not here applicable.

In any event, this court is bound by the express provisions of the Federal Tort Claims Act, as construed in the cases supra, and particularly Dushon v. United States. It was recognized in United States v. Hull, 1 Cir.1952, 195 F.2d 64, 67, that there may be circumstances which,

under local law, would subject an employer of an independent contractor to liability, but the United States is not subject to suit by reason of the express provisions of § 1346(b) supra, for "the United States has consented to be sued only when the injury was 'caused by the negligent or wrongful act or omission' of some *employee of the government* while acting in the scope of his office or employment." (Emphasis added).

The independent contractor and its employees here were not employees of the government, as the term "employee" is defined by the Federal Tort Claims Act, and there can be no recovery against the United States for their negligent acts and omissions.

This opinion will constitute findings of fact and conclusions of law, pursuant to Rule 52 of the Federal Rules of Civil Procedure; although counsel for defendant may, if they so desire, submit separate findings and conclusions. Counsel for defendant, pursuant to Rule 11(b) of the Local Rules of Court, will prepare, serve and lodge form of judgment.