Arthur E. WEST, Plaintiff,

v.

**MORRISON–KNUDSEN COMPANY, Inc., a Corporation, Utah Construction & Mining Company, a Corporation, Perini Corporation and C. H. Leavell & Company, a Corporation—joint venturers, Defendants.**

**No. 2807.**

United States District Court, D. Montana, Great Falls Division.

Jan. 28, 1969.

Bretz & Gabriel, Great Falls, Mont., for plaintiff.

Jardine, Stephenson, Blewett & Weaver, Jack L. Lewis, Great Falls, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The United States entered into a contract with the defendants, joint venturers, for the construction of various Air Force missile launching sites in Pondera County, Montana. The contract includes a provision which incorporates by reference the following Safety Requirements of the Corps of Engineers, U. S. Army:

"HOUSEKEEPING.

11–35: Material, or debris shall not be strewn about in a manner which may cause tripping or other hazard.

FLAMMABLE LIQUIDS

11–25: Accumulations of flammable liquids on floors, walls, etc., is prohibited. All spills of flammable liquids shall be cleaned up immediately.

MACHINERY AND MECHANIZED EQUIPMENT—Inspection and Testing 18–1: Before any machinery or mechanized equipment is put into use

on the job, it shall be inspected and tested by a qualified person and determined to be in safe operating condition. Continued periodic inspections shall be made at such intervals as necessary to assure its safe operating condition and proper maintenance.

MOTOR VEHICLES

18–89: Definition. The term "motor vehicle" as used in this section * * * shall mean any vehicle * * * designed to be towed * * *

INSPECTION

18–91: No vehicle shall be placed in service until it has been inspected by a qualified person and found to be in a safe operating condition."

Plaintiff alleges that these duties are non-delegable as provided by Appendix H of the Manual, Section D, which reads:

"Compliance with the provisions of this article by subcontractors will be the responsibility of the Contractor."

A further duty allegedly owed to the plaintiff is based upon a provision of the Manual which was a part of the contract:

"Appendix H:

(a) In order to provide safety controls for protection to the life and health of employees and other persons * * * the contractor will comply with all pertinent provisions of the Manual 'Safety Requirements' approved by the Chief of Engineers 16 December, 1941, etc."

■ The plaintiff was an employee of a subcontractor. Plaintiff was injured when he slipped on oil which had leaked onto a trailer bed from which he was unloading gas cylinders for welding. The plaintiff seeks to recover from defendants on the theory that a duty was owed to him due to the incorporation of the safety provisions of the Manual into the general contract.

Defendants support their motion to dismiss on the ground that an employee of a subcontractor, even though a third-party beneficiary of the safety requirements in the general contract, may not, under Montana law, maintain an action on such contract.

The question has been resolved, at least in this Court, by the case of Hensley v. United States, 279 F.Supp. 548 (D.Mont.1968) citing National Surety Co. of New York v. Ulmen, 69 F.2d 330 (9 Cir. 1933) cert. den., 292 U.S. 624; 54 S.Ct. 629, 78 L.Ed. 1479 (1934) to the effect that under the law of Montana a third-party beneficiary of safety clauses in a contract may not recover in the absence of a specific promise in the contract to pay damages.

■ In his brief plaintiff argues that this case falls within the "inherently dangerous or ultrahazardous" exception to the rule that an owner or prime contractor is not liable for the acts of independent contractors.

As previously stated the plaintiff was injured when he slipped on some oil which had leaked onto the bed of a trailer from which he was unloading gas cylinders for welding. The complaint does not allege that the work which defendants agreed to perform for the United States was inherently dangerous or ultrahazardous, nor do the facts alleged so show. If there was something ultrahazardous in the work to be done for the United States the injury here did not come from a failure to guard against that hazard. The injury in this case occurred while the plaintiff was performing a task hazardous only because someone, not the defendants, permitted oil to get onto the surface of the flatbed. It is not alleged that defendants provided the trailer or had control over the plaintiff or the subcontractor in the performance of the work. The case does not fall within an exception to but is governed by the general rule that a prime contractor is not liable for the torts of an independent subcontractor. Hackley v. Waldorf-Hoerner Paper Products Co., 149 Mont. 286; 425 P.2d 712

(1967); Nyquist v. United States, 226 F.Supp. 884 (D.Mont.1964).

Defendants' motion to dismiss is granted and the case is dismissed and plaintiff denied all relief.