Charles GOODWIN, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 74–1311.

United States Court of Appeals,
Ninth Circuit.

May 30, 1975.

James L. Jones, Asst. U. S. Atty., Billings, Mont., Robert E. Kopp and Karen K. Siegel, Civ. Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

John L. Peterson, Butte, Mont., for appellee Goodwin.

Robert A. Poore, Butte, Mont., for appellee Travelers.

OPINION

Before KOELSCH and WRIGHT, Circuit Judges, and LUCAS,* District Judge.

* The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

KOELSCH, Circuit Judge:

The district court awarded judgment to appellee, plaintiff below, in his Federal Tort Claims Act action, 28 U.S.C. §§ 1346(b), 2671 et seq.

Appellee was injured while employed by an independent government contractor in Montana. The contract between the contractor and the United States required that "the contractor shall obtain workmen's compensation insurance in accordance with the requirements of the laws of the State in which the work is to be performed." The contract also stated that the government's project engineer was "responsible for compliance with plans and specifications and is authorized to make changes thereof that do not affect price or time. He is also responsible for compliance with all labor provisions." The contractor failed to obtain workmen's compensation insurance. And appellee was unable to recover on a state court judgment against the contractor because the contractor was judgment-proof.

Appellee thereupon sued the United States under the F.T.C.A. on the theory (1) that the government had a contractual duty to make sure that the contractor obtained the insurance, (2) that under third party beneficiary principles, the duty ran to appellee, (3) that appellee was entitled to rely on the government's enforcement of the contractor's obligation, (4) that the government negligently failed to do so, (5) that under Montana law, the negligent breach of a contract is a tort, and (6) that appellee, should recover that which he lost, the workmen's compensation benefits, as a result of the government's negligence. The district court allowed recovery. We reverse.

■ Appellee must show that the government breached a duty which it owed to him. The obligation to provide insurance, breach of which occasioned appellee's loss, was the contractor's, not the United States'. The only possible basis of a duty inuring to appellee's benefit is the contractual provision to the effect that the project engineer would be responsible for compliance with all "labor provisions." But a reading of that provision in context indicates that the government did not thereby agree to make the engineer responsible for compliance with the requirement that the contractor obtain insurance coverage.

■ The responsibility of the engineer for compliance with "labor provisions" is set out in Section 3 of the contract, which provides for "Control of Work;" § 3.1, which includes the "labor provisions" language here in issue, gives the engineer general authority to oversee the project, including the power to oversee working conditions by requiring the contractor to conform to the labor standards set out in the contract. Those are set out under the heading "Labor Standards Provisions" as a separate section of the contract which is incorporated in standardized form in all government construction contracts in excess of $2,000. See Standard Form 19A, 41 C.F.R. § 1–16.401. The section covers such familiar labor provisions as the wage and working hour standards to apply at the project. The insurance coverage clause is not included in that section (the contractor's obligation to obtain insurance is set out in a section of the contract which in general terms enjoins the contractor to obey Federal, state and local laws governing the construction work), and is not a "labor provision" within the intendment of § 3.1, as it does not pertain to labor conditions relevant to the engineer's duties to control work on the project site. Compare 41 C.F.R. § 1–16.401 and § 1–12 (making inclusion of labor standards mandatory) with 41 C.F.R. § 1–10.401 (treating workmen's compensation as non-mandatory form of insurance coverage, and not a labor standard).

■ As the contract may not be read to impose an obligation on the engineer to ensure the contractor's performance of his contractual obligation to obtain coverage, the United States did not breach a duty it owed appellee, and the judgment cannot stand. See Campbell v. United States, 493 F.2d 1000 (9th Cir.

1974); Jeffries v. United States, 477 F.2d 52 (9th Cir. 1972); Roberson v. United States, 382 F.2d 714 (9th Cir. 1967); Kirk v. United States, 270 F.2d 110 (9th Cir. 1959); Nyquist v. United States, 226 F.Supp. 884, 887 (D.Mont. 1964).

Reversed and remanded for entry of judgment for the United States.