**Lavola Jean REID, Individually and as guardian ad litem for Tamara Reid, a minor, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**Troy LUTHER and Bill Billington, Third-Party Defendants.**

**Civ. No. S–2412.**

United States District Court, E. D. California.

Oct. 6, 1976.

Mark G. Steidlmayer, Trezza, Ithurburn, Steidlmayer & Bower, Yuba City, Cal., for plaintiff.

Asst. U.S. Atty. Francis M. Goldsberry II, Sacramento, Cal., for defendant and third party plaintiff.

Nina Hunt, Tweedy, Dawson, Duncan, Hunt & Ball, Sacramento, Cal., for third-party defendants.

## MEMORANDUM

WILKINS, District Judge.

The United States Forest Service awarded a contract to clear certain lands under its jurisdiction to Troy Luther and Bill Billington. Luther and Billington hired plaintiff's decedent to do some of the work; while working alone one day at the site, he died in an accident. A worker's compensation remedy proved futile because Luther and Billington had not obtained insurance to cover the decedent in spite of a contract clause requiring them to do so. Plaintiff then filed an action against Luther and Billington in state court alleging wrongful death. The jury returned a defense verdict which was affirmed on appeal by the Third District Court of Appeal. The Supreme Court denied a hearing. Understandably, plaintiff continued her quest for a solvent (and liable) defendant by instituting this action against the United States under the Tort Claims Act. 28 U.S.C. § 1346(b). The United States filed a third party complaint against Luther and Billington alleging that if it were to be found liable, the third party defendants were liable to it.

Both the United States and Luther and Billington have filed motions for summary judgment; each asserts a different theory in support of the motion. Before reaching these motions, however, it is necessary to highlight the allegations in plaintiff's complaint.

Although the complaint is pleaded in one cause of action, plaintiff attempts to assert four theories upon which relief may be granted. Plaintiff first alleges (Complaint, ¶ IX) that her decedent was a third party beneficiary to the insurance clause and that the United States breached an implied obligation in the contract to make sure that the clause requiring insurance was in fact complied with. Thus, plaintiff alleges, "As a result of the United States' breach of contract, the plaintiffs herein have been damaged to the extent of the [uncollectible worker's compensation award—$25,000]." Plaintiff's next allegation seeks to state a theory of recovery for wrongful death (as opposed to worker's compensation) by alleging that the United States had a *duty* arising out of the contract to insure that the required insurance was obtained. Plaintiff alleges that the death was the proximate cause of this breach of duty because had the forest service "made plaintiffs' decedent aware of the fact that there was no compensation coverage, plaintiffs' decedent would not have worked on the job and would not have met his untimely death." (Complaint, ¶ 10) In paragraphs XI and XII of the complaint, plaintiff alleges that the United States was negligent in selecting Luther and Billington as contractors for this job because they "were not capable of performing as ordinary and reasonable contractors . . . ." In paragraph XIII of the complaint, plaintiff alleges that the United States had a nondelegable duty to provide plaintiff's decedent with a safe place to work and failed to properly discharge this duty because (1) neither the United States or Luther and Billington established special precautions notwithstanding the fact that unreasonably dangerous conditions existed on the job site and (2) the United States failed to enforce a contractual provision requiring a supervisor or foreman on the job at all times.

### The United States' Motion for Summary Judgment

■ As stated earlier, plaintiff's complaint is only pled in one cause of action even though several theories for relief are alleged. The United States' motion for summary judgment attacks only one theory upon which plaintiff seeks relief, paragraph IX of the complaint. That paragraph alleges that plaintiff's decedent was a third party beneficiary to the contract between the United States and Luther and Billington, and that as a result of the United States' breach, plaintiff has been damaged in the amount of the lost worker's compensation—$25,000.

The United States is correct in its assertion that we do not have jurisdiction over this cause of action. 28 U.S.C. § 1346(a)(2) provides in part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(2) Any other civil action or claim against the United States, *not exceeding* $10,000 in amount, founded . . . upon any express or implied contract with the United States . . . . .

For cases involving contracts in excess of $10,000, plaintiff's correct forum is the Court of Claims, 28 U.S.C. § 1491. Since plaintiff's claim is for $25,000, therefore, this theory founded upon contract is not properly before this Court.

### Luther and Billington's Motion for Summary Judgment

In this motion, Luther and Billington seek summary judgment for themselves, but they also act as a stalking horse for the United States. That is, the theories upon which Luther and Billington seek summary judgment would not only exonerate themselves, but would also exonerate the United States. (As mentioned above, the United States' motion for summary judgment does not attack all of plaintiff's theories.)

### A. *Negligent Hiring of a Contractor by United States*

In counts XI and XII of the complaint plaintiff alleges that the United States did not exercise due care when it hired Luther and Billington to perform the services for it. This cause of action is based upon the Restatement of Torts 2d § 411 which provides:

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons.

In Comment b. to this section it is stated that "In order that the employer may be subject to liability it is, therefore, necessary that harm shall result from some quality in the contractor which made it negligent for the employer to entrust the work to him." Thus, as a matter of logic, and the consequences of this comment, it would appear that an employer of an independent contractor could not be subject to liability unless the contractor were in some way negligent himself. In the state court action brought by the plaintiff against the contractor, however, there was a defense verdict. In addition, the court submitted a special interrogatory to the jury asking, "Were the defendants negligent?" The jury answered this question in the negative.

The basis of Luther and Billington's motion relating to this count is collateral estoppel; they argue that plaintiff is precluded by this doctrine from relitigating this issue. In order for the doctrine to apply, three questions must be answered affirmatively:

(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? and (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Ponce v. Tractor Supply Co.*, 29 Cal. App.3d 500, 504, 105 Cal.Rptr. 628, 630 (1972) *quoting Bernhard v. Bank of America*, 19 Cal.2d 807, 813, 122 P.2d 892 (1942).

It is clear that questions (2) and (3) may be affirmatively answered. Plaintiff in this action was also plaintiff in the state court proceeding; furthermore, the California Court of Appeal affirmed the jury's defense verdict and the Supreme Court denied a hearing in the matter. Thus, we have a final judgment against a party to the prior action. Plaintiff argues, however, that the liability of the United States under this theory is not based on a respondeat superior theory, but rather on its *own* negligence for hiring an unqualified contractor. This argument overlooks the fact that a necessary element of the United States' own liability would be a finding that the contractor had been negligent. It is this element in the cause of action that collateral estoppel would bar relitigating. Thus, there is no way for plaintiff to prove that the United States negligently hired a contractor if she cannot also prove that the contractor was negligent.

### B. *Duty of United States to Insure that Luther and Billington Obtained Worker's Compensation Insurance*

In paragraph X of the complaint plaintiff alleges that the United States had a tort duty arising out of the contract to make sure that Luther and Billington obtained worker's compensation insurance. The recent Ninth Circuit case of *Goodwin v. United States*, 517 F.2d 481 (9th Cir. 1975) would seem to foreclose this theory. In *Goodwin*, plaintiff brought suit under the tort claims act alleging that the government had a duty to make sure that the contractor provided such insurance, that the government negligently failed to do so, and that plaintiff should be entitled to recover the lost worker's compensation benefits. The court rejected this claim:

[The plaintiff] must show that the government breached a duty which it owed to him. The obligation to provide

insurance, breach of which occasioned [the plaintiff's] loss, was the contractor's, not the United States'. The only possible basis of a duty inuring to [plaintiff's] benefit is the contractual provision to the effect that the project engineer would be responsible for compliance with all 'labor provisions.' But a reading of that provision in context indicates that the government did not thereby agree to make the engineer responsible for compliance with the requirement that the contractor obtain insurance coverage.

517 F.2d at 482.

Plaintiff does not argue that the contractual obligation in this case differed from that in *Goodwin* (i. e., that it was the contractual duty of the contractor and not the United States to obtain the required insurance); rather plaintiff seems to be arguing that California law (*Goodwin* was a Montana case) compels a different result. Plaintiff bases her argument on two California cases, *Elson v. PUC*, 51 Cal.App.3d 577, 124 Cal.Rptr. 305 (1975); *Morris v. County of Marin*, 50 Cal.App.3d 711, 123 Cal.Rptr. 759 (1975), hearing granted.

In *Elson*, plaintiff was injured when struck by a bus. The bus company was uninsured, and plaintiff brought suit against the PUC claiming that the PUC violated its statutory duty to revoke the bus company's operating permit because the company did not have such insurance. The court agreed, basing its conclusion on Gov't. Code § 815.6, which the court held imposed a mandatory duty on the PUC. In *Morris*, the plaintiff alleged that the county had a mandatory duty to insure that an employer who obtains a building permit from the county has workmen's compensation insurance. The Court of Appeals held otherwise, but the Supreme Court has granted a hearing. In any event, however, it does not appear that either *Elson* or *Morris* controls this case. Both of these cases involved a statutory duty on the part of a state agency. Each case, then, is limited to the particular statute involved.

The only California case that has been cited not dealing with a state agency does not support the plaintiff. In *Coleman v. Silverberg Plumbing Co.*, 263 Cal.App.2d 74, 69 Cal.Rptr. 158 (1968), the court declined to hold strictly liable an employer who hired an independent contractor who did not have the required insurance. Witkin has characterized this case in the following way: "As yet, however, no duty is recognized to see that the contractor is financially responsible, e. g., that he carries workmen's compensation insurance." 4 B. Witkin, *Summary of* California Law § 658 (1974). Furthermore, the Restatement 2d of Torts does not take a position on this issue, complaining about the lack of cases on point. See comment g. to § 411.

### C. *Alleged Nondelegable Duty of United States*

■ The final charging allegation to be dealt with is paragraph XIII of the complaint. Summarized, that paragraph charges that (1) the contract work was unreasonably dangerous in the absence of special precautions; (2) the contract failed to provide that special precautions be taken; (3) unreasonably dangerous conditions on the job existed because the United States failed to enforce the contract provision calling for a foreman or supervisor to be on the job at all times; (4) no foreman or supervisor was on the job at the time of the accident; and (5) the United States had a nondelegable duty to provide decedent with a safe place to work, which it failed to do. Summary judgment must also be afforded defendants with respect to this theory of liability.

There are two reasons why this theory must also fail. First, even assuming that the failure to have a foreman at the site was a nondelegable duty, such failure would not subject the United States to liability. It is impossible to understand how the duty of the United States to supply a supervisor would be higher (even though concurrent) than that of Luther and Billington—the question of their liability for this omission has already been decided adversely to plaintiff. See the slip opinion of the California Court of Appeals at 22–23. Second, nothing that plaintiff has brought

before this Court would make the provisions of §§ 413 or 416 of the Restatement 2d of Torts applicable. The operative facts of this case are nearly carbon copies of those of *Addison v. Eagle Lake Lumber Co.,* 47 Cal.App.3d 394, 120 Cal.Rptr. 737 (1975). Accordingly, for the reasons expressed in that opinion, we hold that summary judgment must be afforded defendants on this theory of liability.

IT IS THEREFORE ORDERED that defendants' motions for summary judgment be, and the same are, hereby granted.