Boris **ROJAS** and Ana Violeta Ortiz and the conjugal partnership constituted by both, Plaintiffs,

v.

**UNITED STATES** of America, et al., Defendants.

Civ. No. 86–149866.

United States District Court, D. Puerto Rico.

April 30, 1987.

**654**

Víctor René Pérez Rodríguez, Mayaguez, P.R., for plaintiffs.

Daniel F. Lopez Romo, U.S. Atty., Wanda Rubianes Collazo, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action brought pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680 (Federal Tort Claims Act) (FTCA) seeking damages as a result of the alleged tortious conduct of defendants. Defendant, Luis J. Anglade is an Administrative Law Judge (ALJ) in the Office of Hearings and Appeals (OHA) of the Social Security Administration. Defendants, the United States of America and the Department of Health and Human Services are also being sued as employers of defendant Anglade.

Now pending are two motions by defendants requesting that the present complaint be dismissed for lack of subject matter jurisdiction inasmuch as plaintiffs have failed to exhaust their administrative remedies; that plaintiffs' claim is time-barred, that plaintiffs have failed to state a cause of action upon which relief can be granted, and that defendant Anglade in his official and judicial capacity is immune from suit.

A brief summary of the facts is essential. Pursuant to a request for hearing filed by Carmen Agosto, a claimant for social security disability benefits, defendant Anglade held a hearing on November 16, 1984. Plaintiff, Boris Rojas appeared at the hearing and testified on behalf of Ms. Agosto regarding her medical condition. After his testimony, plaintiff was questioned by the ALJ. During this questioning, plaintiff alleges that the ALJ shouted at him, called him a liar and caused him such humiliation and embarrassment, that plaintiff had to leave the hearing room.

On September 23, 1986, the present complaint was filed seeking damages against defendants, United States of America and the Department of Health and Human Services for their negligence in failing to supervise and discipline defendant Anglade and for retaining him in his position as ALJ. Damages are also sought against defendants Anglade, his wife Jane Doe, and their conjugal partnership based on the ALJ's statements to plaintiff during the cross-examination. These statements allegedly constitute libel and have damaged plaintiff's standing in the community, and have caused him to suffer a loss of earnings as a medical witness and have subjected him to mental and physical anguish.

We now address the above averments individually.

### I. *Failure to Exhaust Administrative Remedies*

■ The FTCA is a congressional waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Although the United States has consented to be sued for torts in the FTCA subject to certain exceptions, Section 2675(a) mandates as a prerequisite to filing suit that the claim first be presented to the appropriate federal agency. *Adams v. United States*, 615 F.2d 284 (5th Cir.1980); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293 (10th Cir.1977). If the administrative claim is made within the two-year limitations period contained in Section 2401(b), plaintiff can bring suit to recover for the same injuries only if the agency issues a final determination in writing, or if it fails to make a final disposition within six months after the claim is filed. *See* Section 2675(a). Satisfaction of the administrative exhaustion requirement is jurisdictional and cannot be waived. *Lurch v. United States*, 719 F.2d 333, 335 n. 3 (10th Cir.1983), *cert. denied*, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 182 (1984); *Richman v. United States*, 709 F.2d 122, 124 (1st Cir.1983); *Erxleben v. United*

*States,* 668 F.2d 268, 270–71 (7th Cir.1981) (per curiam).

It appears that plaintiffs have not presented an administrative claim to the agency as required by the FTCA and the applicable regulations, 45 C.F.R. Part 35. 28 U.S.C. § 2675(a) states in the pertinent:

> An action shall not be instituted upon a claim against the United States *for money damages* for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied ... (Emphasis supplied).

Moreover, 45 C.F.R. Part 35.2 provides that "... a claim shall be deemed to have been presented when the Department of Health and Human Services receives ... an executed Standard Form 95 or other written notification of an incident accompanied *by a claim for money damages in a sum certain ...*"

■ In this case, the claim filed by plaintiff is a letter directed to the Commissioner of the Social Security Administration with copy to the ALJ in charge, José J. Santiago, complaining about defendant Anglade's conduct and requesting an investigation as to defendant's judicial capacity and mental competency. No request for money damages is made therein as is required by Section 2675(a) and 45 C.F.R. Part 35.2, and failure to comply with this requirement mandates the dismissal of plaintiff's claim under the FTCA.

## II. *Statute of Limitations Defense*

It is clear that the claim must be filed with the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b) provides in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...

■ From the complaint it appears that plaintiff's cause of action accrued on November 16, 1984, the date of the hearing before defendant Anglade. Since plaintiff failed to file a proper administrative claim within two years of the accrual of his cause of action, plaintiff's claim is time-barred, and as such, is subject to dismissal.

## III. *Failure to State a Claim Under the FTCA*

The Supreme Court has consistently affirmed that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), *quoting United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). If no such consent exists a district court lacks jurisdiction to entertain a suit against the United States. *Mitchell, supra,* 445 U.S. at 538, 100 S.Ct. at 1351; *United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

■ Through the FTCA, the United States has waived its immunity for the torts of its employees under certain circumstances. Section 1346(b) of the FTCA provides that the United States shall be liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government ... under circumstances where the United States, if a private person, would be liable to the claimant ..." Succinctly stated, under this subsection the United States is liable to the same extent as a private party for torts of its employees acting within the scope of their employment. *Brooks v. A.R. & S. Enterprises, Inc.,* 622 F.2d 8 (1st Cir.1980). This waiver, however, is drastically limited by several exceptions particularized in 28 U.S.C. § 2680. If a tort claim falls within one of these exceptions, the district court lacks subject matter jurisdiction.

In the present case, defendants focus their attention on the exception contained in 28 U.S.C. § 2680(h) which precludes re-

covery against the United States for various intentional torts, including "[a]ny claim arising out of ... libel, [or] slander, ..." Defendants argue that plaintiffs' claims based on libel, slander or defamation are barred by Section 2680(h).

■ Certainly, plaintiffs' libel, slander, and defamation claims fall squarely within the exception in 2680(h) and must be dismissed. It is clear that the alleged libelous statements by defendant Anglade during an administrative hearing were made during the course of defendant's employment as a federal employee (an ALJ). Therefore, we find that plaintiffs' claims against defendants based on libel, slander and/or defamation are barred by 28 U.S.C. § 2680(h). *See Jiménez-Nieves v. United States*, 682 F.2d 1, 6–7 (1st Cir.1982); *Hoesl v. United States*, 629 F.2d 586 (9th Cir.1980).

### IV. *Official Immunity*

■ The United States cannot be held liable for any claim which is based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused. 28 U.S.C. § 2680(a). *Wright v. United States*, 719 F.2d 1032 (9th Cir.1983). This exemption was intended to preclude tort claims arising from decisions by executives or administrators which require policy choices. *United States v. VARIG Airlines, et al*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984); *Dalehite v. United States*, 346 U.S. 15, 35–36, 73 S.Ct. 956, 967–968, 97 L.Ed. 1427 (1953).

Moreover, absolute immunity has been accorded to certain government officials whose duties are deemed as a matter of public policy to require such protection so that they may function independently and effectively without fear or harassment. *Barrett v. United States*, 798 F.2d 565 (2d Cir.1986). Among these officials are judges, *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and high executive officers engaged in adjudicative or quasi-judicial functions, *Butz v.*

*Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In the latter case, the Supreme Court in extending the protection of absolute immunity to administrative law judges, found that adjudication within a federal administrative agency shared enough of the characteristics of the judicial process that those who participated in such adjudication should also be immune from suits for damages. *Id.* at 513, 98 S.Ct. at 2914. Likewise, the Court held that persons performing adjudicatory functions with a federal agency are entitled to absolute immunity from damages for their judicial acts. *Id.* at 514, 98 S.Ct. at 2914.

■ Since the acts subject of the present complaint occurred while defendant Anglade was performing adjudicatory functions and discretionary duties, and the conduct complained of falls within the scope of his employment as an ALJ, defendants are entitled to absolute immunity from damages.

### V. *Failure to State a Claim as to Outrageous and Reckless Conduct or Negligence*

In the complaint, plaintiffs allege that defendants are also liable for their outrageous and reckless conduct and negligence in supervising and retaining an employee.

■ As stated earlier, the FTCA provides a limited waiver of the government's sovereign immunity. *Borrego v. United States*, 790 F.2d 5, 6 (1st Cir.1986). This waiver renders the United States liable for its torts in essentially the same manner and to the same extent as a private individual would be under the law of the state where the alleged negligence occurred. *Zabala Clemente v. United States*, 567 F.2d 1140, 1143 (1st Cir.1977) *cert. denied*, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *Bowen v. United States*, 570 F.2d 1311 (7th Cir.1978); *Standefer v. United States*, 511 F.2d 101 (5th Cir.1975). Tort liability will be determined by the law of the place of the tort, in this case, Puerto Rico. However, in order to recover, the plaintiff must show that the government breached a duty which it owed to him. *Goodwin v. United States*, 517 F.2d 481 (9th Cir.1975).

Notwithstanding the above, plaintiffs have failed to demonstrate that the alleged torts are actionable under Puerto Rico law. Nor may plaintiffs maintain a cause of action against the United States for negligence in supervising and retaining an employee in the absence of such duty. From the record it is clear that both the Social Security Act and the Administrative Procedure Act prohibit substantive review and supervision of the ALJ in the performance of his quasi-judicial functions. Thus, in the absence of such duty, defendants' failure to take any disciplinary action in relation to defendant Anglade's performance of his duties as an ALJ, cannot form the basis for liability under general principles of tort law and the FTCA. *Zabala Clemente, supra,* 567 F.2d at 1145.

Wherefore, in view of the foregoing, the motions filed by defendants are both GRANTED and the present action is hereby DISMISSED.

The Clerk shall enter judgment accordingly.

SO ORDERED.