[Civ. No. 8965. Second Appellate District, Division Two.—July 24, 1934.]

FRANCES H. DANIEL, as Administratrix, etc., et al., Appellants, v. HOWARD A. JONES, Defendant; SUNSET MOTORS, LTD. (a Corporation), Respondent.

Carpenter, Babson & Fendler, Ingle Carpenter, A. H. Blum and Harold A. Fendler for Appellants.

W. I. Gilbert for Respondent.

SCOTT, J., *pro tem.*—Erle P. Daniel and his wife, Helen Vera Daniel, were killed in an automobile collision on June 14, 1931. Their car was struck by a car owned by defendant corporation and driven by defendant Jones. Plaintiffs sued to recover damages for the death of their father. At the first trial a motion for nonsuit was granted as to defendant corporation and judgment for plaintiffs was entered upon a verdict awarding damages against defendant Jones only to Frances H. Daniel, as administratrix, in the sum of $3,000 and to the other plaintiffs as heirs in the sum of $12,000. Thereafter plaintiffs filed an amended and supplemental complaint against defendant corporation only. The jury returned a verdict in favor of the administratrix in the sum of $15,000, which was reduced by the court to $3,341.50, as prayed for in the complaint, and another verdict for plaintiffs as heirs in the sum of $15,000. Defendant corporation made a motion for a new trial which was granted on grounds other than the insufficiency of the evidence. From the order granting such motion plaintiffs appeal.

In support of the court's ruling granting its motion for a new trial respondent contends that the court gave erroneous instructions to the jury with reference to the liability of the corporation for the acts of the driver of the car under section 1714¼ of the Civil Code and under the doctrine of *respondeat superior*. From a reading of the court's

entire charge it does not appear that the jury could have been confused or misled, notwithstanding certain inadvertent statements which it included.

■ Respondent contends that the trial court erred in permitting appellants to declare that they were questioning defendant corporation's local manager under section 2055 of the Code of Civil Procedure after they had already asked him some questions, but this contention is without substantial merit. ■ It is further urged that although the motion was not granted on the insufficiency of the evidence, the evidence, as a matter of law, is insufficient to justify or sustain the verdict. The record of the testimony does not support this suggestion.

■ The question is presented as to whether the amended complaint was defective in failing to name the driver Jones as a party defendant, as required by Civil Code, section 1714¼. It is obvious that the jury returned its verdict for plaintiffs under the doctrine of *respondeat superior*, since the amount of damages exceeded $5,000, and that was the limit beyond which they could not go under the court's instructions if they allowed recovery only under the section cited. At the time the amended complaint was filed judgment against defendant Jones had become final, and it would have been a useless act to have named him in the further pleadings. (*Cole* v. *Roebling Const. Co.*, 156 Cal. 443 [105 Pac. 255].)

■ The court erred in granting the motion for a new trial. Since there can be but one verdict for a single sum against the driver and his employer (*Marriott* v. *Williams*, 152 Cal. 705 [93 Pac. 875, 125 Am. St. Rep. 87]), and since the liability of the latter arises solely by reason of the detriment caused by the former, the judgments against defendant corporation will be reduced to conform to the judgments against defendant Jones, to wit: $3,000 in favor of plaintiff Daniel as administratrix and $12,000 in favor of plaintiffs as heirs. The order granting a new trial is reversed and the judgments are modified accordingly.

Stephens, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 23, 1934, and an appli-

cation by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.

Shenk, J., and Spence, J., *pro tem.*, voted for a hearing.