[Civ. No. 22453.   Second Dist., Div. Three.   Mar. 4, 1958.]

Estate of MORRIS MARKS LANDAU, Deceased.   LESLIE LESSER LANDAU, as Trustee, etc., Appellant, v. JOHN R. MOORE, as Guardian, etc., Respondent.

Max Fink, Cyrus Levinthal, Emmet G. Lavery, Jr., and Ronald K. Lipstone for Appellant.

Moore & Moore and Bender Moore for Respondent.

VALLÉE, J.—Appeal from an order instructing a testamentary trustee with respect to reimbursement of moneys expended by him in behalf of the beneficiaries of the trust.

Morris Marks Landau died testate on November 4, 1949. A decree for ratable distribution of his estate distributed part thereof to trustees in trust. Petitioner, Leslie Lesser Landau, is now the duly appointed trustee of the trust.[1] The decree provided that the trustee should pay and apply all the net income of the trust for the benefit of three minor grandchildren of the deceased during minority. On attaining the age of 21, each grandchild is to receive his or her pro rata

[1] Leslie G. Landau and Samuel S. Zagon were appointed trustees of the trust by the decree for ratable distribution. They resigned and on April 13, 1954 petitioner, Leslie Lesser Landau, was appointed sole trustee.

share of the trust res and any remaining income. Petitioner trustee is the father of the beneficiaries. The decree provides:

"The Trustees may, without any obligation so to do however, and in their sole and absolute discretion, pay to any of the beneficiaries out of this trust prior to the distribution thereof, such sums as may be required in the event of an emergency."

On April 6, 1953, the then trustees filed a petition for instructions with respect to payment for the support and maintenance of the beneficiaries. They alleged the provision of the decree for ratable distribution as to an emergency; certain moneys had been expended by the father of the beneficiaries for their maintenance; they, the trustees, desired to pay $7,500 to the guardian of the estates of the beneficiaries to be used toward reimbursing petitioner for moneys theretofore expended by him for the support and maintenance of the beneficiaries and other necessary expenses, and to be used for their support and maintenance pending final distribution of the estate. The prayer in part was that the then trustees be instructed that the expenditure of such moneys constituted an emergency within the meaning of the decree.

On May 28, 1953, an order was made that the moneys expended by the trustees for the support and maintenance of the beneficiaries and in the protection of their interests in the estate and "the monies to be expended in the future for the support and maintenance of said minor children constitutes an emergency within the meaning" of the decree. The trustees were ordered to pay $7,500 to the guardian of the estates of the beneficiaries. This order became final.

Petitioner was appointed successor trustee on April 13, 1954. On August 15, 1955, at the request of petitioner, an order was made that all assets of the trust be deposited in a bank, subject to withdrawal only on further order of the court.

On January 19, 1956, petitioner filed his first account current; petition for instructions, for distribution, and for authority to the depository to distribute deposited funds. The period covered by the account was from April 13, 1954, to November 30, 1955. On February 24, 1956, the court made an order in which it found that petitioner had incurred expenses of administration in excess of $1,000; that each beneficiary required provision for maintenance and support and that $200 a month commencing January 10, 1956, was a proper and suitable sum therefor; that an emergency existed as the trust income was insufficient; therefore trust principal

could and should be distributed when needed to provide such payments; and that the depository should be ordered to make the payments and distribution. The court ordered that $1,000 be paid petitioner on account of and not in full discharge of amounts expended by him for administrative expenses of the trust; and ordered that commencing as of January 10, 1956, and continuing for 23 monthly installments on the 10th of each month thereafter, including February 10, 1956, there be paid from the income of the trust, if sufficient, with any deficiency to be supplied from principal, $200 to each beneficiary for his or her maintenance, education, and support, and that the sum be paid monthly to petitioner as trustee.

On June 21, 1956, petitioner again petitioned the court for an order authorizing him to make emergency payments and "payments of current and future administrative payments." In this petition he alleged that on substantially the same facts the court, on May 28, 1953, interpreted the emergency provision of the decree to be applicable to said facts; and ordered the then trustees to pay $7,500 to the guardian of the beneficiaries, part of which was to be used to reimburse petitioner on account of the moneys he expended on behalf of the beneficiaries. The petition alleged that the order of May 28, 1953, provided that the moneys to be expended in the future for the support and maintenance of the minor grandchildren constituted an emergency within the meaning of the decree. The petition further alleged there was $7,500 available in the trust which could and should be distributed on account to petitioner to provide him with funds from which payments to creditors could be made. The prayer was that funds in the amount of $7,500 be ordered distributed to petitioner so that he could discharge pressing obligations of the beneficiaries.

On October 16, 1956, the court made an order in which it found the allegations appearing in the petition were true, that there was sufficient money and property on hand to make the payments therein authorized, that petitioner had personally incurred expenses on behalf of the beneficiaries of a substantial amount, and that $6,000 should now be paid to him for all claims thereof to the date of the filing of the petition. The court ordered that $6,000 be paid to petitioner individually on account of the amount expended by him for the benefit of the trust, and that he report in his accounts as trustee upon the application of said amount to his previous advances, and

the depository was directed to make the payment. Petitioner appeals from this order.

It is asserted the decree of distribution confers absolute discretion on the trustee to determine when an emergency exists and to determine how much money shall be paid from the corpus of the trust to a beneficiary in the event of an emergency. ■ It is true that an absolute discretion, exercised in good faith by a trustee, cannot be controlled by a court on considerations going to the soundness of the discretion so exercised. (Civ. Code, § 2269; *Estate of Charters,* 46 Cal.2d 227, 239 [293 P.2d 778].) ■ The rule is not applicable on the facts at bar. The trustee has not exercised any discretion. His predecessors and he submitted the questions to the probate court and requested instructions with respect thereto. In 1953 the then trustees, apparently being in doubt as to what constituted an emergency, petitioned the probate court for instructions and a determination of what constituted an emergency. In response to the petition, the court determined that moneys theretofore and thereafter expended for the support and maintenance of the beneficiaries constituted an emergency. In his first account current, filed in 1956, petitioner as successor trustee asked for an order "that an emergency be found to exist and distribution of funds in discharge of obligations of the above-named minor beneficiaries and for their maintenance and support be ordered," and the court so ordered. No mention of the 1953 order was made in the first account or in the petition for instructions which accompanied it. And in the present proceeding petitioner alleged that an emergency existed and prayed that "funds in the amount of $7,500 be ordered distributed to Leslie Lesser Landau so that he may discharge pressing obligations of the above-named minor beneficiaries." Having submitted the question as to what constitutes an emergency and the question as to how much money should be used from the corpus of the trust for the support and maintenance of the beneficiaries to the probate court, petitioner cannot here contend that the determination of those questions was a matter within his absolute discretion.

■ Petitioner asserts that the 1953 order of the probate court determining what constitutes an emergency is res judicata on that issue—in other words, that the court in 1953, by final order, determined that moneys to be expended in the future for the support and maintenance of the beneficiaries constituted an emergency within the meaning of the decree

of distribution; that order is res judicata on that issue; and the court in the present proceeding erred in not allowing petitioner the full amount prayed for—$7,500, instead of $6,000.

It is argued the present petition alleged that $7,500 was available in the trust which could and should be distributed on account to petitioner to provide him with funds from which payments to creditors could be made; the court found that the allegations of the petition were true; consequently the court, by reason of the claimed effect of the 1953 order, could do nothing but allow petitioner $7,500 and invade the corpus if the income was insufficient.

■ The benefit of a prior adjudication constituting an estoppel or bar may be waived by failure to present it in the subsequent proceeding. (29 Cal.Jur.2d 258, § 282.) ■ "It has been uniformly held that in the absence of either pleading or proof of a former judgment upon litigated issues, the defense of res judicata is thereby waived in the subsequent action." (*Wolfsen* v. *Hathaway*, 32 Cal.2d 632, 638 [198 P.2d 1].) ■ "Where a party joins issue on a question previously litigated or voluntarily opens an investigation of matters which he might claim to be concluded by a prior judgment, he will be held to have waived his right to assert the benefit of the former adjudication and the case will be determined without regard therefor." (*Dillard* v. *McKnight*, 34 Cal.2d 209, 219 [209 P.2d 387, 11 A.L.R.2d 835].)

■ There was an entire absence of pleading and proof of the 1953 order and an entire absence of reliance thereon in the 1956 proceeding on petitioner's first account current and petition for instructions. Petitioner thereby waived the right to rely on the 1953 order in that proceeding.

As noted, the February 24, 1956, order provided that for a period of two years commencing January 10, 1956, there be paid from the income of the trust if sufficient, with any deficiency to be supplied from the principal, $200 a month for the maintenance, education, and support of each beneficiary. The order also provided that $1,000 be paid to petitioner on account of and not in full discharge of amounts expended by him for administrative expense of the trust. This order became final. It left the amount to be allowed petitioner for administrative expenses open for future determination by the court.

■ The present petition, filed four months after the order of February 24, 1956, covers the period from November 4,

1949 to December 31, 1955. It alleges that in order to provide support, maintenance, and education for the beneficiaries and in order to protect their interests petitioner was compelled to borrow money from a bank on their behalf; the bank would soon file suit to enforce payment unless it was paid a substantial amount; about $1,500 was owing a law firm for services performed on behalf of the beneficiaries; a tax was owing the United Kingdom and an amount owing accountants; and certain expenditures had been made by petitioner's local attorneys, petitioner being a resident of the United Kingdom. The court did not find, as asserted by petitioner, that all the allegations of the petition were true. The finding was qualified. The court did not find that $7,500 was available for distribution to petitioner. It found "that no injury will result to the trust or to any person interested therein by reason of the payments and distributions herein ordered, and that there is sufficient money and property on hand to make the payments herein authorized, and that petitioner has personally incurred expenses on behalf of the three beneficiaries of a substantial amount and that the sum of Six Thousand Dollars ($6,000) should now be paid to him for all claims thereof to the date of filing said petition." The oral proceedings are not part of the record. The cause is here on the clerk's transcript. Consequently, the record does not show the condition of the trust either at the time the petition was filed or at the time of the hearing. We cannot say as a matter of law that the court erred in allowing $6,000 and not $7,500.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.