[Civ. No. 29679. First Dist., Div. One. Dec. 20, 1972.]

JOSEPH J. PONCE, Plaintiff and Respondent, v.
TRACTOR SUPPLY COMPANY, Defendant and Appellant.

## COUNSEL

Farella, Braun & Martel, Jerome I. Braun and Jon F. Hartung for Defendant and Appellant.

Boccardo, Blum, Lull, Niland, Teerlink & Bell and Edward J. Niland for Plaintiff and Respondent.

## OPINION

**WEINBERGER, J.**[*]—Respondent Joseph J. Ponce and his wife Otillia Ponce filed a complaint against Tractor Supply Co. and Doyle Gene Bonham, to recover general damages respectively in the sums of $500,000 and $100,000 for personal injuries allegedly sustained by them on February 24, 1967, when their vehicle was involved in a collision with a vehicle owned and operated by defendant Bonham, at a time when he was allegedly acting as the agent, servant and employee of defendant Tractor Supply Co.

Defendant Tractor Supply filed an answer on January 8, 1968, in which it denied that Bonham was its employee or that he was acting in the course and scope of his employment. Defendant Bonham failed to answer the complaint and his default was entered. Subsequently on January 28, 1969, after a hearing on the default, judgments were entered in favor of Mr. Ponce in the sum of $150,000 and in favor of Mrs. Ponce in the sum of $10,000.

On May 6, 1970, a pretrial conference order was filed, setting forth the factual and legal contentions of the plaintiffs and of defendant Tractor Supply Co. and listing the issues involved in the case. There was mention in this order of the default judgments against defendant Bonham, but there was no reference to any contention on the part of defendant Tractor Supply Co. that these default judgments operated in any way as collateral estoppel.

[*]Assigned by the Chairman of the Judicial Council.

After a trial by jury a verdict was returned on October 29, 1970, in favor of both plaintiffs and against defendant Tractor Supply, awarding damages to Mr. Ponce in the sum of $180,000 and to Mrs. Ponce in the sum of $4,000, and judgment on this verdict was entered on the same day.

On November 5, 1970, defendant Tractor Supply filed a notice of intention to move for new trial; notice of motion to vacate judgment and enter another and different judgment in the sum of $150,000 in favor of Mr. Ponce under Code of Civil Procedure section 633; notice of motion for judgment notwithstanding the verdict; notice of motion to vacate void judgment; and notice of motion to vacate. The basis of these motions was that the prior default judgment limited Mr. Ponce's recovery against Tractor Supply, as an employer, to $150,000. The judgment in favor of Mrs. Ponce was not questioned and is not involved in this appeal.

On December 7, 1970, Tractor Supply filed a motion to amend its answer to allege, as an affirmative defense, that the Bonham judgment acted as collateral estoppel in this action, therefore, plaintiff Ponce could not obtain a judgment greater than the default judgment entered against Bonham. On the same day, Tractor Supply filed a motion to set aside the judgment in favor of Ponce pursuant to Code of Civil Procedure section 473 on the ground of inadvertence, surprise and excusable neglect in failing to plead, as an affirmative defense, the existence of the default judgment against defendant Bonham.

The lower court denied these various motions on December 21, 1970, and a timely notice of appeal was filed from the judgment and each of the orders denied. Although an order denying a motion for judgment notwithstanding the verdict is specifically made appealable by Code of Civil Procedure section 904.1, subdivision (d), the purported appeals from the denials of the various other motions are not appealable and are accordingly dismissed. The correctness of the rulings may be reviewed on the appeal from the judgment itself. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 87-92, pp. 4097-4100; see also *Mayo* v. *Beber*, 173 Cal.App.2d 596, 597 [343 P.2d 765].)

There is no substantial disagreement between the parties on the facts herein involved. The issues presented are essentially legal in nature, and require a discussion of:

1. The *substantive effect* of collateral estoppel.

2. The *procedural requirements* for collateral estoppel.

　　Appellant argues that since its liability is secondary to that of

its employee, it can assert, as an upper limit, the damages determined in the prior judgment against its employee and can do so without being bound by such amount. Respondent argues that the prior judgment cannot be used as res judicata or collateral estoppel because the record does not show whether the evidence upon which the prior judgment was based was the same as the evidence upon which the subsequent jury verdict was based. He also asserts that if the judgment is res judicata, then it operates as a conclusive adjudication that the amount of damages is $150,000 and does not simply set an upper limit of recovery.

Although both parties are agreed that the applicable principles here are those of collateral estoppel and not res judicata, the relationship between the two is instructive concerning the various claims made in this case. The doctrine of res judicata is said to have a "double aspect: (1) it 'precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' (2) 'Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.'" (*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*, 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439], quoting from *Bernhard v. Bank of America*, 19 Cal.2d 807, 810 [122 P.2d 892]; see also *Solari v. Atlas-Universal Service, Inc.*, 215 Cal.App.2d 587, 592 [30 Cal.Rptr. 407].) The latter aspect of the doctrine is known as collateral estoppel. This estoppel "merely involves conclusive evidence of a fact in issue, i.e. some fact constituting either matter of defense or an element of a cause of action, . . ." (*Solari v. Atlas-Universal Service, Inc.*, at p. 592.)

In determining the validity of the plea of collateral estoppel "three questions are pertinent: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? and (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard v. Bank of America*, at p. 813; *Solari v. Atlas-Universal Service, Inc.*, at p. 593.)

In the present case there is no question but that the third question is answered affirmatively since Mr. Ponce was plaintiff in the prior adjudication. As to the second question, the default judgment was entered January 28, 1969, and became final before the trial in October of 1970. The amount of damages awarded was determined by a judge, after a hearing, on the merits.

Regarding the first question, the claim is made by appellant that "The issue of damages decided by the prior judgment against Doyle Bonham was exactly the same as that in issue against Tractor Supply." This claim is based upon the argument that since appellant's liability, if any, is based solely upon the notion of *respondeat superior,* it cannot be liable for damages in any amount greater than was determined to have been occasioned by its agent and such damages were determined by the prior judgment to have been in the sum of $150,000.

■ There is ample authority for the proposition that a party secondarily liable is entitled to the benefits of a prior judgment or ruling in favor of the primary tortfeasor. Thus, a prior judgment in favor of an employee bars an action against an employer whose liability could be predicated only on *respondeat superior.* (*Freeman* v. *Churchill,* 30 Cal.2d 453, 461 [183 P.2d 4]; *Spruce* v. *Wellman,* 98 Cal.App.2d 158, 162 [219 P.2d 472]; *Hilts* v. *County of Solano,* 265 Cal.App.2d 161, 176 [71 Cal.Rptr. 275].)

In *Daniel* v. *Jones,* 140 Cal.App. 145 [35 P.2d 198], the court stated at page 147, "Since there can be but one verdict for a single sum against the driver and his employer [citation], and since the liability of the latter arises solely by reason of the detriment caused by the former, the judgments against defendant corporation will be reduced to conform to the judgments against defendant Jones, . . ." (See also *Luscher* v. *Jones,* 140 Cal.App. 743, 744 [35 P.2d 199], and *Bradford* v. *Brock,* 140 Cal.App. 47, 50-51 [34 P.2d 1048].) No other California decision has been found which holds that a recovery against a party secondarily liable is limited to the amount recoverable from the primary tortfeasor, but "The rule is established, in most jurisdictions in which the question has arisen, that an amount recovered as actual or compensatory damages in a tort action against a servant or other person who was the active tortfeasor is the limit of the amount recoverable as such damages against the master or other person whose responsibility is solely derivative." (141 A.L.R. 1164-1173.) Thus, the damages determined against the primary tortfeasor in the default judgment would be applicable as an upper limit to the one secondarily liable.

■ Respondent claims that collateral estoppel is not applicable where there are changed conditions or new facts which were not in existence at the time of a prior adjudication and appellant has not shown that the facts relating to the issue of Mr. Ponce's damages are unchanged from the time of the default judgment. While it is true that changed facts or circumstances can bar the application of collateral estoppel (see *People*

v. *Ocean Shore Railroad,* 32 Cal.2d 406, 418-419 [196 P.2d 570, 6 A.L.R.2d 1179]; *Hurd* v. *Albert,* 214 Cal. 15, 26 [3 P.2d 545, 76 A.L.R. 1348]; *Pacific Tel. & Tel. Co.* v. *City & County of San Francisco,* 197 Cal.App.2d 133, 158 [17 Cal.Rptr. 687]; *McGaffey* v. *Sudowitz,* 189 Cal. App.2d 215, 217-218 [10 Cal.Rptr. 862]) none of the cases hold that the party relying on the doctrine has the burden respondent sets forth. The thrust of respondent's position is that if the actual damages have increased during the period, e.g., if there are increased medical costs due to a lingering injury, then collateral estoppel is not applicable. Such a contention is untenable in personal injury damage suits based upon alleged negligence. The compensatory damages recoverable in a personal injury action includes loss suffered before and after the filing of the action and before trial, and also prospective damage reasonably certain to be incurred in the future. (See 2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 393, p. 1597 and §§ 407-413, pp. 1611-1615.) Accordingly, the $150,000 judgment entered against Bonham included all past, present and future damage sustained or to be sustained by the plaintiff and, in legal theory, anticipated any increased expense or changed condition reasonably certain to be incurred after the entry of judgment.

Since collateral estoppel is applicable here, appellant's contention to the effect that it is bound only by the $150,000 sum as an upper limit must be dealt with. Primary reliance is had upon the language in *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at pages 811-812 that: "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. [Citations.] He is bound by that litigation only if he has been a party thereto or in privity with a party thereto." Similarly, reliance is also had upon the language in *Morehouse* v. *Wanzo,* 266 Cal.App.2d 846, at pages 852-853 [72 Cal.Rptr. 607] which reads: "The general contractor, as an employer liable under the doctrine of *respondeat superior,* may take advantage of any favorable aspects of the judgment against the employee, but he is not bound by the issues resolved against the employee by the latter's default."

As pointed out earlier, there is also authority from other states which holds that the prior judgment determines the upper limit applicable against the employer. (See 141 A.L.R. 1168-1169; cf. *Naudack* v. *Canini,* 29 Cal.App.2d 687, 690 [85 P.2d 510] where the court rejected the claim of an employer that the prior judgment determined the amount of damages

applicable to him. The court allowed the jury to determine damages anew, but said there could be no complaint as the jury set the same amount as had the default judgment.) Under these authorities the employer can seek to show that the damages were actually less than the default judgment established and is not bound by that amount, except as setting a limit beyond which it may not be held liable.

Regarding the procedural requirements of collateral estoppel, appellant claims that, unlike res judicata, collateral estoppel need not be pleaded as an affirmative defense and if there was a necessity for pleading the doctrine, its motion to amend was timely made and should have been granted. Respondent counters with the argument that even if collateral estoppel need not be pleaded, it still must be proved and here appellant offered no proof of the prior judgment and in fact did not even bring the prior judgment to the attention of the court in any fashion. Appellant then responds with the position that there is authority for raising collateral estoppel for the first time on appeal, but in any event, the lower court was bound to take judicial notice of the prior judgment and no further proof was needed.

The record before this court contains no evidence that defendant Tractor Supply pleaded collateral estoppel or brought the prior judgment to the attention of the trial court before the second judgment was entered. The pretrial order does mention the prior judgment, but only in the descriptive sense to identify defendant Bonham as the defendant "against whom judgment previously rendered by default herein." The first time that the prior judgment was asserted as collateral estoppel was in the various motions to vacate and set aside the judgment filed subsequent to the entry of the judgment against Tractor Supply.

Respondent does not contend that collateral estoppel need be pleaded, and indeed if he did so, his position would be incorrect under *Solari* v. *Atlas-Universal, Inc., supra,* 215 Cal.App.2d 592-593 which held that: "In the case of collateral estoppel . . . it has been held that no special plea is required . . . ." The parties do join issue over whether or not the claim of collateral estoppel has to be presented to the trial court either as evidence or through judicial notice.

Appellant Tractor Supply has cited several cases for the proposition that collateral estoppel need not be presented to the trial court. (See *United States Fire Ins. Co.* v. *Johansen,* 270 Cal.App.2d 824 [76 Cal.Rptr. 174, 780]; and *Blumenthal* v. *Liebman,* 109 Cal.App.2d 374 [240 P.2d 699].) As respondent correctly points out, however, in all of these cases the issue of collateral estoppel was proved and its claimed effect fully argued in the

trial court prior to decision. (See also *Loughran* v. *Reynolds,* 70 Cal.App. 2d 241 [160 P.2d 904].)

In *Luscher* v. *Jones, supra,* and *Daniel* v. *Jones, supra,* the decisions do not indicate whether the question of the prior judgment's effect was presented to the trial court, and it cannot be "presumed," as respondent suggests, that the issue was properly presented in the lower court. An assumption that the issue was not presented to the lower court but was successfully raised for the first time on appeal would be just as inappropriate.

Whether or not the defense of collateral estoppel is waived by failure to prove the prior judgment before the second judgment is entered is not entirely clear from the authorities. In *Dillard* v. *McKnight,* 34 Cal.2d 209 [209 P.2d 387, 11 A.L.R.2d 835], a case relied on by both parties, the court stated at page 219: "Where a party joins issue on a question previously litigated or voluntarily opens an investigation of matters which he might claim to be concluded by a prior judgment, he will be held to have waived his right to assert the benefit of the former adjudication and the case will be determined without regard therefor. (50 C.J.S., Judgments, § 597, p. 15; *Cooley* v. *Snake River Dist. Impr. Co.,* 78 Ore. 384 [152 P. 1190, 1192]; see, also, 2 Freeman on Judgments (5th ed.) § 808, p. 1715; *Domestic & Foreign Petroleum Co., Ltd.* v. *Long,* 4 Cal.2d 547, 562-563 [51 P.2d 73]; *Rideaux* v. *Torgrimson,* 12 Cal.2d 633, 638 [86 P.2d 826]; *Wolfsen* v. *Hathaway,* 32 Cal.2d 632, 638 [198 P.2d 1].)"

In *Dillard* and the cases cited by it the principle being waived was that of res judicata, and not collateral estoppel (see *Chohon* v. *Farmers & Merchants Bank,* 231 Cal.App.2d 538, 546-547 [41 Cal.Rptr. 888]; *McCarthy* v. *McCarthy,* 216 Cal.App.2d 872, 876 [31 Cal.Rptr. 428]; *Taliaferro* v. *Taliaferro,* 171 Cal.App.2d 1, 5 [339 P.2d 594]; and *Douglas* v. *Douglas,* 164 Cal.App.2d 230, 235 [330 P.2d 659]). There is language in some cases which suggests that the waiver principle applies to both doctrines. The court in *Chohon,* e.g., states that defendants invoked the doctrines of res judicata *and* collateral estoppel and then referred to each as defenses which could be waived, citing *Dillard.* (See pp. 546-547. Cf. *Solari* v. *Atlas-Universal, Inc.,* p. 592.) There is more explicit language in *Estate of Landau,* 158 Cal.App.2d 176 [322 P.2d 222], to the effect that: "The benefit of a prior adjudication constituting *an estoppel or bar* may be waived by failure to present it in the subsequent proceeding." (See p. 181; italics added. See also 29 Cal.Jur.2d, Judgments, § 282, pp. 258-259.)

Assuming, without deciding, that collateral estoppel may be waived just as may res judicata, the question remains as to whether, in this case, there was a waiver, and it is our conclusion that there was not.

The default judgment had not been entered at the time appellant's answer was filed so it was not possible for it to plead it as establishing the maximum limit of its liability. Both parties were apprised of the judgment by the pretrial order but, from what we can learn from the partial record before us, neither party made any effort to inform the lower court of the anomalous situation which would arise if a verdict were returned against the employer purely on the basis of *respondeat superior* for an amount in excess of that already established by judgment against the employee.

While Evidence Code section 459 provides that an appellate court may take judicial notice of any matter which was properly noticeable by the trial court the appellant did not wait to raise the defense of the prior judgment at the appellate level. It took prompt action after the second judgment was entered to advise the lower court of the situation and made the several motions, we assume, in the hope that one of them would afford the trial court a means for reconciling the two inconsistent judgments.

The lower court was bound to take judicial notice of the prior judgment, subsequent to trial and entry of judgment and deem that judgment determinative of the upper limit of damages involved. Under Evidence Code sections 452, subdivision (d), and 453 courts "may" take judicial notice of prior judgments and *must* do so if a party requests such notice and furnishes the court with sufficient information to allow it to do so. (See com. to Evid. Code, § § 452, 453; and *Flores* v. *Arroyo,* 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263].)

Evidence Code section 458 states: "The failure or refusal of the trial court to take judicial notice of a matter, or to instruct the jury with respect to the matter, does not preclude the trial court in subsequent proceedings in the action from taking judicial notice of the matter in accordance with the procedure specified in this division." The comment to this section states: "This section provides that the failure or even the refusal of the court to take judicial notice of a matter at the trial does not bar the trial judge, or another trial judge, from taking judicial notice of that matter in a subsequent proceeding, such as a hearing on a motion for new trial or the like."

There can be no question in this case that the court below was furnished sufficient information about the prior judgment to allow it to take judicial notice. That judgment was in the same file in the same case that was before the trial court during the entire jury trial and all subsequent proceedings. We hold, therefore, that under the circumstances of this case where the court below was required to take judicial notice of the earlier judgment which was called to its attention after the entry of the later

judugment, but before that judgment became final, the appellant cannot be deemed to have waived its right to rely on the doctrine of collateral estoppel.

The cause is remanded to the trial court with directions to modify the judgment *nunc pro tunc* in favor of respondent and against appellant in the sum of $150,000. As so modified the judgment is affirmed. Appellant to recover costs on appeal.

Molinari, P. J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 14, 1973. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.