[No. B005870. Second Dist., Div. Four. Oct. 16, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
EDMUND ARTHUR ASBURY, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Nancy Gaynor, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Mark Alan Hart and Shunji Asari, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KINGSLEY, Acting P. J.—The defendant appeals his conviction for first degree murder (Pen. Code, § 187) and robbery (Pen. Code, § 211). We reverse.

### FACTS

In an earlier proceeding, the defendant was convicted of the robbery and first degree murder of John Jackson. The evidence indicated that the defendant, having been thrown out of a bar, pulled the sleeping Jackson from a car and shattered his skull with several blows from a four by four.[1] The defendant then pulled Jackson's body some 30 feet, took his car keys and wallet, and started Jackson's car. He managed to back the car up only a few feet, however, before it struck an upright pole.

The jury found the defendant guilty of first degree murder and robbery. The jury, however, rejected the special circumstances that the murder had occurred in the course of the robbery. (Pen. Code, § 190.2, subd. (a)(17).) It also concluded that although the defendant had used a deadly weapon during the murder (Pen. Code, § 12022, subd. (b)), he had not done so during the robbery nor had he inflicted great bodily injury during the robbery (Pen. Code, § 12022.7).

The defendant appealed this conviction. We reversed and remanded for retrial on the grounds that defendant's long history of mental illness made it improper for the trial court to permit him to waive counsel and appear in propria persona.

The defendant was then retried and again convicted of first degree murder and robbery. This time, however, the case went to the jury on a felony

---

[1]The defendant confessed to the crime.

murder theory. The court refused to instruct the jury on premeditated murder, sustaining the defense objection that there was an insufficient foundation for the instruction. In finding the defendant guilty of first degree murder, therefore, the jury necessarily adopted the felony-murder theory and determined that the murder had occurred during the course of the robbery—a finding in apparent conflict with the verdict in the earlier proceeding rejecting the robbery special circumstance allegation and the allegations of deadly weapon use and infliction of great bodily injury during the robbery.

## I

The defendant contends that his felony-murder conviction is barred by the doctrine of collateral estoppel, as the original jury, in finding the special circumstance not true, necessarily rejected the notion that the murder occurred during the course of the robbery. We agree. While the People argue that the special circumstance finding is narrower than the felony-murder instruction (and thus not necessarily a bar to the subsequent adjudication), their contention does not withstand scrutiny. Although the language of the felony-murder instruction (which only requires that the murder occur "as a result of" the robbery) is slightly different from the special circumstance instruction specifying that the murder occur "in the commission of" the robbery, the variation is trifling. Moreover, Penal Code section 189 defines felony murder as a murder "in the perpetration of" a robbery. This formulation is virtually indistinguishable from the "in the commission of" language used to define the special circumstance in Penal Code section 190.2, subdivision (a)(17) and would be controlling over any phrasing used in the jury instructions. In light of the plain meaning of these statutes, therefore, respondent's contention that the special circumstance finding does not operate as a collateral estoppel must fail.

Defendant's counsel, however, did not object to the felony-murder instructions on the grounds of collateral estoppel, and it is conceded by all parties that in the absence of such an objection, any argument on appeal is waived. (*Ponce* v. *Tractor Supply Co.* (1972) 29 Cal.App.3d 500, 507-508 [105 Cal.Rptr. 628]; *People* v. *Beltran* (1949) 94 Cal.App.2d 197, 207 [210 P.2d 238].) The defendant contends, therefore, that his counsel was ineffective for failing to raise this objection.

Such a conclusion is inescapable. While defendant's counsel did object unsuccessfully to the felony-murder instructions on the grounds of insufficient evidence, he did not do so on the meritorious grounds that the issue was barred by the prior adjudication. The fact that counsel objected to the felony-murder instructions at all, however, refutes any inference that he was pursuing some tactical advantage by withholding the collateral estoppel

argument. If counsel objected to the felony-murder instructions on the grounds of insufficient evidence, there is no reason why he should not have done so on the grounds of collateral estoppel—except for failing to realize that such an objection was available.

Had this objection been raised, we cannot say that a determination more favorable to the defendant would not have resulted. (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 574 [189 Cal.Rptr. 855, 659 P.2d 1144].) The trial court had already refused to instruct the jury on premeditated murder. The defendant would have faced, at most, a second degree murder conviction once the felony-murder instructions were excluded. As the defendant stands presently convicted of first degree murder, we cannot conclude that his counsel's ineffective assistance was without prejudice.

## II

■ While not raised in the defendant's briefs, an issue which will necessarily be addressed on retrial is whether the defendant can be made to again face charges of *premeditated* murder. We conclude that he cannot be. In refusing to instruct the jury on premeditated murder on the grounds that there was insufficient evidence, the trial court impliedly acquitted defendant of that charge. To force the defendant to stand trial again for premeditated murder would be to punish him for successfully exercising his right of appeal. Any prosecution of the defendant for premeditated murder, therefore, is barred by double jeopardy.

The judgment is reversed and remanded for retrial consistent with the views expressed in this opinion.

McClosky, J., and Ringer, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.