Filed 8/12/22  Lim v. Moon CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| YOUNG K. LIM,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAP S. MOON,<br><br>Defendant and Appellant. | B314481<br><br>(Los Angeles County Super. Ct. 19STCV14007) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Williams Court, Judge.  Affirmed.

Jack H. Karpeles for Defendant and Appellant.

Young K. Lim, in pro. per., Plaintiff and Respondent.

# INTRODUCTION

Kap Moon and Leading Town SDUS, Inc. entered into an investment agreement in which Moon agreed to invest $100,000 in two of Leading Town's retail businesses, in exchange for a 55% ownership interest and certain managerial rights in those businesses. Moon subsequently sued Kyonga Nam (the president of Leading Town), Jongju Na, Sung Joon Na, and Leading Town for breach of contract, alleging Nam and other Leading Town representatives repudiated the contract. (*Moon v. Na* (Super. Ct. L.A. County, 1999, No. 19STCV08038).) Moon obtained a default judgment against Nam and the other defendants in that action in the amount of $400,435.

Nam later assigned her rights in the investment agreement to Young Lim, who filed this action against Moon for breach of contract. Moon filed an answer, but did not appear at trial. The trial court entered judgment in favor of Lim and against Moon in the amount of $27,000.

Moon appeals, arguing the trial court erred in entering judgment against him because claim preclusion barred Lim's complaint. Because Moon did not argue or present evidence in the trial court that claim preclusion applied, however, he forfeited the defense. Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Moon Sues for Breach of Contract and Obtains a Default Judgment*

In November 2018 Moon entered into an agreement with Leading Town to invest in two retail businesses, Chorus and

Hive.  Moon agreed to invest $100,000 in two $50,000 installments,  one upon signing the agreement and the other before March 3, 2019.  In return, Moon would receive a 55% ownership interest in both businesses, access to the businesses' bank accounts, and managerial authority over business operations.  The parties also agreed Moon could hire a manager and an assistant manager.  The agreement identified Nam as the president of Leading Town and Jongju Na as a witness to the signing of the agreement.

On March 8, 2019 Moon sued Nam, the Nas, and Leading Town for breach of contract, promissory estoppel, fraud, and false pretenses, alleging, among other things, the defendants repudiated the November 2018 agreement after receiving Moon's $100,000 investment.  (*Moon, supra,* No. 19STCV08038.)  Moon further alleged Nam and the Nas fired the manager and assistant manager Moon had hired, did not disclose the "company recordkeeping or finances," and did not give or ever intend to give Moon a 55% ownership interest in the businesses.

Sung Joon Na was personally served with the complaint on March 11, 2019 and said he was authorized to accept service on behalf of Nam, Jongju Na, and Leading Town.  None of the defendants, however, filed an answer.  Having found the defendants were properly served, the trial court on November 26, 2019 entered judgment in favor of Moon and against all four defendants in the amount of $400,435.

> B.   *Lim, Nam's Assignee, Sues Moon for Breach of Contract and Obtains a Default Judgment*

Nam assigned Lim her right to sue Moon under the investment agreement.  On April 23, 2019 Lim filed this action

against Moon for breach of contract, alleging that Moon did not timely pay the $100,000 due under the agreement and that, as a result, Nam suffered damages of $27,000 in late fees, supply fees, and advertising costs.  Moon filed an answer to the complaint on June 19, 2019, asserting several affirmative defenses, one of which was claim preclusion.[1]

The court held a case management conference on August 21, 2019.  Lim personally appeared, and Moon was represented by counsel.  After the case management conference, Moon made no other appearances in this case.

On several occasions the court ordered Lim to give Moon notice of scheduled hearings and continuances.  It is unclear whether Lim actually gave Moon notice.  The clerk, however, served Moon with notices of several scheduled hearings, including notice the court had set the case for trial on June 1, 2021.

Trial commenced on June 1, 2021 and lasted one day. There was no court reporter.  Moon did not appear, though the court found Moon "was properly served with notice of trial."  Lim testified and introduced various exhibits.  After considering the evidence, the trial court entered judgment in favor of Lim and against Moon in the amount of $27,000.  Though he did not

---

[1]     Moon refers to this defense as res judicata.  California courts "now refer to 'claim preclusion' rather than 'res judicata'" and "'issue preclusion' in place of 'direct or collateral estoppel.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 326; see *Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 323 ["Like many courts, we previously used the terms 'res judicata' and 'collateral estoppel' when discussing claim and issue preclusion, respectively."].)

appear at trial or file a motion to vacate the judgment, Moon timely appealed.

## DISCUSSION

Moon argues the trial court should not have entered judgment against him because Lim's complaint was barred by claim preclusion. Specifically, Moon contends that the default judgment in *Moon v. Na* was a final judgment on the merits between the same parties or parties in privity and that Lim represents the same interests as the interests of the defendants in the prior case. (See *Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 323 [claim preclusion applies when "'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit'" (italics omitted)].) Moon argues that, if Nam had any claims against him, Nam should have filed a cross-complaint in *Moon v. Na* or moved in that action to set aside the default judgment so he could file an answer and cross-complaint. Moon, however, did not appear at the trial in this action to present his defense that claim preclusion barred Nam's complaint. Therefore, Moon forfeited the argument.

An appellate court generally will not consider an issue that "could have been but was not presented" to the trial court. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1; see *Westsiders Opposed to Overdevelopment v. City of L.A.* (2018) 27 Cal.App.5th 1079, 1091 [an appellate court will not consider "issues or theories not properly raised or presented in the trial court"]; *Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913 ["As a general rule, an appellate court

5

will not review an issue that was not raised by some proper method by a party in the trial court."].)  An issue must be presented and "actually be litigated in the trial court" before an appellate court will consider it.  (*Natkin v. California Unemployment Ins. Appeals Bd.* (2013) 219 Cal.App.4th 997, 1011 (*Natkin*).)  A party forfeits a claim or defense raised for the first time on appeal.  (*Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013; see *Cabatit v. Sunnova Energy Corporation* (2020) 60 Cal.App.5th 317, 322 ["If a party fails to raise an issue or theory in the trial court, we may deem consideration of that issue or theory forfeited on appeal."].)  "'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.]  In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack.'"  (*Natkin*, at p. 1011.)

The party asserting preclusion has the burden of proving its elements.  (*Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 489; see *In re Fireside Bank Cases* (2010) 187 Cal.App.4th 1120, 1127 ["[o]rdinarily a defense of res judicata or collateral estoppel (claim or issue preclusion) must be affirmatively raised, and the conditions for its operation demonstrated by the party asserting it"].)  Claim preclusion "can be waived if not asserted as an affirmative defense and proven" in the trial court.  (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1526; see *Wolfsen v. Hathaway* (1948) 32 Cal.2d 632, 638 ["in the absence of either pleading or proof of a former judgment upon litigated issues, the defense of res judicata is thereby waived in the subsequent action"], overruled on

another ground in *Flores v. Arroyo* (1961) 56 Cal.2d 492, 497; *Briley v. City of West Covina* (2021) 66 Cal.App.5th 119, fn. 6 [claim preclusion "is not a jurisdictional defense, and may be waived by failure to raise it in the trial court"]; *Estate of Landau* (1958) 158 Cal.App.2d 176, 181 ["The benefit of a prior adjudication constituting an estoppel or bar may be waived by failure to present it in the subsequent proceeding."].)

Moon had the burden in the trial court to raise his defense that claim preclusion barred Lim's complaint and to present evidence in support of that defense. (See *Grande v. Eisenhower Medical Center*, *supra*, 13 Cal.5th at p. 326 [litigant asserting preclusion has the burden of establishing its elements].) While Moon alleged claim preclusion in his answer, the issue "must actually be litigated in the trial court—an issue cannot simply be mentioned in passing." (*Natkin*, *supra*, 219 Cal.App.4th at p. 1011.) Though the clerk served him with notice of the trial date, Moon did not appear at trial to present evidence on the elements of claim preclusion or argue how or that it applied. Thus, Moon forfeited the issue. (See *Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 332 [plaintiffs forfeited issue preclusion defense where, although they "made references" to it, they "did not identify the elements" of issue preclusion, did not "attempt to apply the facts of the case to those elements," and "never attempted in the trial court to submit evidence from the underlying proceedings"]; see also *In re Fireside Bank Cases*, *supra*, 187 Cal.App.4th at p. 1127 [defendant who "simply asserted" the plaintiff's "claims were barred by res judicata and collateral estoppel, without troubling to establish or even acknowledge the conditions for operation of those doctrines," could not rely on preclusive effect of prior judgments].)

Finally, Moon could have attempted to present his claim preclusion defense by moving, if he had grounds, to set aside the judgment in this action under Code of Civil Procedure section 473 and arguing, for example, he did not receive proper notice of the trial. (See *Burch v. CertainTeed Corp.* (2019) 34 Cal.App.5th 341, 346; *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1328.) Moon, however, did not make such a motion or argue the clerk's multiple notices to him, including notice of the trial date and notice of entry of the judgment, were improper or sent to the wrong address. (See *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824 [remedy for the defendants' failure to raise substantive defenses to a default judgment was a motion under Code of Civil Procedure section 473 to set aside the default, not an appeal from the default judgment].)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

WISE, J.*

---

\*      Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.